385 A.2d 572

**COMMONWEALTH of Pennsylvania**

v.

**Cheryl Lynn HILL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 10, 1976.

Decided April 13, 1978.

William R. Bernhart, Reading, for appellant.

Charles M. Guthrie, Assistant District Attorney, Reading, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was convicted and sentenced for prostitution under 18 C.P.S.A. § 5902(a)(2). The sole issue in this appeal is whether the evidence was sufficient to establish loitering by the appellant.

The record comes to us on a stipulated statement of facts, as follows:

[I]t is stipulated that the Commonwealth presented evidence at trial that at a time between 9:00 p.m. and 9:30 p.m. on June 14, 1975, defendant was observed to be parked in a red and black Ford automobile on the public parking lot of the Reading Railroad Station located along Seventh Street between Washington and Franklin Streets, Reading, Berks County, Pennsylvania, that at approximately 10:30 p.m., Gerald Parks drove onto said lot in his Datsun pickup truck and parked on said lot, and thereafter defendant drove in her Ford automobile into a position about 20 to 25 feet away from where Parks was parked and then backed into a parking space where she remained in her parked vehicle for approximately three minutes, this being the approximate same location she was previ-

ously observed to be parked at a time between 9:00 p.m. and 9:30 p.m., whereupon Parks moved his pickup truck into a position alongside of defendant's vehicle and the two of them entered into a conversation resulting in the two of them going to defendant's apartment and Parks paying money to defendant to engage in sexual activity; and it is further stipulated that the place where defendant was located in her parked vehicle on the parking lot of the railroad station on both abovementioned occasions, i.e., at a time between 9:00 p.m. and 9:30 p.m. and at approximately 10:30 p.m., was within view of a public place.

Section 5902(a)(2) of the Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 5902, provides:

(a) Prostitution.—A person is guilty of prostitution, a misdemeanor of the third degree, if he or she:

.　　.　　.　　.　　.

(2) loiters in or within view of any public place for the purpose of being hired to engage in sexual activity.

To "loiter" is defined in Black's Law Dictionary (Rev. 4th ed., p. 1092) as:

LOITER: To be dilatory; to be slow in movement; to stand around or move slowly about; to stand idly around; to spend time idly; to saunter; to delay; to idle; to linger; to lag behind. [Collecting cases.]

Taking into account the length of time that appellant was present in the parking lot and the other circumstances in this case, there is sufficient evidence to establish loitering. See *Commonwealth v. DeWan*, 181 Pa.Super. 203, 124 A.2d 139 (1956).

Affirmed.

SPAETH, J., files a dissenting opinion in which HOFFMAN, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

The record comes to us on a stipulated statement of facts, as follows:

[I]t is stipulated that the Commonwealth presented evidence at trial that at a time between 9:00 p.m. and 9:30 p.m. on June 14, 1975, defendant was observed to be parked in a red and black Ford automobile on the public' parking lot of the Reading Railroad Station located along Seventh Street between Washington and Franklin Streets, Reading, Berks County, Pennsylvania, that at approximately 10:30 p.m., Gerald Parks drove onto said lot in his Datsun pickup truck and parked on said lot, and thereafter defendant drove in her Ford automobile into a position about 20 to 25 feet away from where Parks was parked and then backed into a parking space where she remained in her parked vehicle for approximately three minutes, this being the approximate same location she was previously observed to be parked at a time between 9:00 p.m. and 9:30 p.m., whereupon Parks moved his pickup truck into a position alongside of defendant's vehicle and the two of them entered into a conversation resulting in the two of them going to defendant's apartment and Parks paying money to defendant to engage in sexual activity; and it is further stipulated that the place where defendant was located in her parked vehicle on the parking lot of the railroad station on both above-mentioned occasions, i.e., at a time between 9:00 p.m. and 9:30 p.m. and at approximately 10:30 p.m., was within view of a public place.

Section 5902(a)(2) of the Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 5902, provides:

(a) Prostitution.—A person is guilty of prostitution, a misdemeanor of the third degree, if he or she:

.  .  .  .  .

(2) loiters in or within view of any public place for the purpose of being hired to engage in sexual activity.

The lower court said that

it is the nature or manner of the person's presence considering the peculiar facts and circumstances that deter-

mine whether or not the person is loitering, and under the Crimes Code the "purpose" of the person's presence is all-important. Slip Opinion of Lower Court at 3.

I cannot agree. It may be conceded that appellant's purpose in going to the parking lot was to be "hired to engage in sexual activity." She was nevertheless not guilty unless in order to achieve that purpose she "loiter[ed]." Some one who sits in her parked car "for approximately three minutes" is not "loiter[ing]." *See* Black's Law Dictionary (Rev. 4th ed.) 1092:

LOITER. To be dilatory; to be slow in movement; to stand around or move slowly about; to stand idly around; to spend time idly; to saunter; to delay; to idle; to linger; to lag behind. [Collecting cases.]

*Accord*: *Commonwealth v. DeWan*, 181 Pa.Super. 203, 124 A.2d 139 (1956).

This was not a case of "loitering" but a quick pickup; it should not be in the courts.

I would order appellant discharged.

HOFFMAN, J., joins in this opinion.