444 A.2d 722

**COMMONWEALTH of Pennsylvania**

v.

**Bobbie ROBERSON, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1981.

Filed April 16, 1982.

Lawrence A. Kalikow, Assistant Public Defender, Harrisburg, for appellant.

186

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

BROSKY, Judge:

Following a non-jury trial, appellant was convicted of the crime of prostitution.[1] Timely post-trial motions were filed and denied, and appellant was sentenced to twelve months probation. Thereafter, appellant took this appeal to our court. We affirm.

Appellant raises two contentions on appeal: first, that the evidence was insufficient to sustain a verdict of guilty under 18 Pa.C.S. § 5902(a)(2); and second, that the trial court erred in admitting into evidence testimony relating to appellant's prior conduct.

The facts are as follows. On March 19, 1980, at approximately 1:10 a. m., Officer John Goshert of the Harrisburg Police Department, working undercover on the vice detail, drove in his own, unmarked car past the 1400 block of North Third Street. As he drove past, he saw appellant standing on the corner, near Friendly's Bar. Appellant waved to him to pull over.

Instead of immediately stopping, Officer Goshert proceeded to drive around the block. Upon returning to the corner of the 1400 block of North Third Street, he saw appellant still standing in the same spot. At this point, Officer Goshert brought his vehicle to a stop in a nearby parking lot, whereupon appellant opened the passenger side door and stepped inside. Once inside, she directed the officer to drive her around the uptown area, and asked him various questions concerning where he lived and worked. She also specifically asked him to show her some identification to assure her that he was not a police officer, which he declined to do. Appellant then asked him if he was "going out," and when he answered affirmatively, she directed him to a house in the 900 block of Grand Street where she said she "always

1. 18 Pa.C.S. § 5902(a)(2).

did her business." She then asked him how much money he had to spend, and when he said he had $20, she stated that she would perform certain sexual acts for $25. After requesting her "regular room" from a man who answered the door, appellant led Officer Goshert to the room, whereupon he identified himself as a police officer and arrested her.

Section 5902(a)(2) provides:

(a) Prostitution—A person is guilty of prostitution, a misdemeanor of the third degree, if he or she:

(2) *loiters* in or within view of any public place *for the purpose of being hired to engage in sexual activity.* (Emphasis added).

Appellant does not dispute that the corner of 1400 North Third Street is "within view of any public place." What she does contend, however, is that she was not "loitering." Since "loitering" is not defined in the statute, it must be construed according to its common and approved usage. See "Statutory Construction Act of 1972."[2] Webster's New Collegiate Dictionary 671 (8th ed. 1979) defines "loiter" as *inter alia* : to "hang around," to "lag behind." In *Commonwealth v. Hill*, 254 Pa.Super. 155, 385 A.2d 572 (1978) we cited the definition given in Black's Law Dictionary (rev. 4th ed., p. 1092):

To be dilatory . . . to stand around or move slowly about . . . to saunter; to delay . . . to linger . . .

Appellant argues that she was only observed by Officer Goshert as appearing on the corner in question for approximately one minute, and that therefore, her actions cannot be characterized as "slow" or "dilatory." On cross-examination, Officer Goshert testified that he had no idea as to how long appellant had been on that corner prior to his observation of her waving at him. We disagree with appellant's reasoning here. As the Commonwealth argues, an understanding of the common usage of the word "loiter" is not arrived at through an examination of the *amount of*

**2.** Act of December 6, 1972, P.L. 1339 No. 290, § 3, 1 Pa.C.S. § 1501 et seq.

*time* in which an individual engages in a course of conduct sought to be defined as "loitering." A consideration of all the circumstances surrounding the conduct in question is relevant. To begin with, at the time she was first observed by the officer, appellant was clearly "standing around." After waving to the officer, appellant continued to "stand around," "to delay," and "to linger" on the corner. In addition, it is significant that appellant was engaging in this course of conduct at 1:10 a. m.

That appellant was loitering "for the purpose of being hired to engage in sexual relations" cannot be doubted. The facts show that appellant waived to Officer Goshert, a total stranger to her, and indicated that he pull over. When he stopped his car, appellant immediately got inside, and then asked the officer if he was "going out" and later directed him to the particular house on Grand Street where she stated she "always did her business." Clearly, the evidence concerning appellant's words and conduct was sufficient for the trial court to have inferred that appellant was loitering on the corner in question for the purpose of being hired to engage in sexual relations.

Appellant's second contention is that the court below erred in admitting into evidence testimony concerning appellant's presence in the Third Street area on other occasions. Officer Goshert testified that he had seen appellant on Third Street on at least one prior occasion, in the "late evening, early morning hours," "walking up and down on the street, and standing on the corner." However, the officer stated that he had never spoken with her, and that "[s]he never solicited me for prostitution [on those occasions]."

■ Appellant argues that this evidence was irrelevant and prejudicial. While we agree that the fact that appellant may have "loitered" on Third Street in the past did not make it more or less probable that she loitered on the occasion in question, we do not find that this evidence was prejudicial to appellant. The Commonwealth had already presented sufficient evidence to establish that appellant, on the occasion in question, "loitered in or within view of any

public place for the purpose of being hired to engage in sexual activity." 18 Pa.C.S. § 5902(a)(2). The testimony concerning other occasions was given on redirect examination, after the Commonwealth had already made out its prima facie case. Although the testimony concerning other occasions may have led the trial court to infer that appellant had loitered in the past for the purposes of prostitution, that inference was innocuous in view of the other evidence presented at trial and was, therefore, harmless error. *Commonwealth v. Weakland*, 273 Pa.Super. 361, 417 A.2d 690 (1979). There was sufficient evidence here to find appellant guilty of prostitution without the additional testimony complained of as being prejudicial.

Accordingly, we affirm the judgment of sentence.

WIEAND, J., concurs in the result.