572 A.2d 1287

**COMMONWEALTH of Pennsylvania**

v.

**Rodney Darryl HOOD, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 17, 1990.

Filed April 10, 1990.

James H. Rowland, Jr., Harrisburg, for appellant.

John G. DiLeonardo, Deputy Atty. Gen., Harrisburg, for Com., appellee.

Before ROWLEY, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from a judgment of sentence imposing a fine of $250.00 on each of ten counts of violating Pennsylvania's General Dental Law, 63 Pa.S.A. § 129(e). Appellant contends that (1) his conviction was contrary to the law and the evidence and (2) the court erred in the manner in which it instructed the jury. For the reasons that follow, we disagree and, accordingly, affirm the judgment of sentence.

Appellant was arrested and charged with ten counts of violating Pennsylvania's General Dental Law. In particular, appellant was charged with employing as a dental hygienist a person, Arlene Ray, who was not a licensed dental hygienist. On October 6, 1988, following a jury trial, appellant was found guilty on all counts.[1] Post-trial motions were filed and denied. Appellant was sentenced on February 14, 1988. This timely appeal followed.

Appellant first contends that the verdict was contrary to the law and unsupported by the evidence. The test for reviewing sufficiency claims is well-settled:

---

1. Appellant was also charged with 38 counts of violating the Medicaid Fraud and Abuse Act, 62 Pa.S.A. § 1407. The jury acquitted appellant of these charges.

> [w]here a defendant challenges his conviction on appeal the test of sufficiency of evidence is whether, viewing all evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Commonwealth v. Jackson,* 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1984); *see also Commonwealth v. Hoke,* 381 Pa.Super. 70, 78–79, 552 A.2d 1099, 1103 (1989).

▮ Appellant was convicted under the following statutory language:

> It is unlawful for a person practicing dentistry to *employ* a person as a dental hygienist unless such person is licensed as a dental hygienist as required by this act and the rules and regulations of the board.

63 Pa.S.A. § 129(e) (emphasis added). In order to convict a person under § 129(e), the Commonwealth must prove that a person practicing dentistry employed an unlicensed person as a dental hygienist. In this case, it is undisputed that appellant is a person practicing dentistry and that Ray was not a licensed dental hygienist. Thus, this court need only consider whether the evidence was sufficient to find that appellant *employed* Ray as a dental hygienist.

The General Dental Law defines a dental hygienist as follows:

> A "Dental Hygienist" is one who is legally licensed as such by the said dental council and examining board to perform those procedures that licensed dental hygienists are educated to perform.

63 Pa.S.A. § 121. The State Board of Dentistry, a dental council and examining board as specified in 63 Pa.S.A. § 121, has defined a dental hygienist as follows:

> One who is legally licensed as such by the Board to remove tartar deposits, accretions and stains from exposed surfaces of the teeth and directly beneath the free

margin of the gums and to make application of medicaments as defined and approved by the Board to the exposed surfaces of the teeth for the prevention of dental caries, ...

49 Pa.Code § 33.201 (effective May 14, 1977).

Viewed in the light most favorable to the Commonwealth, the evidence presented at trial established the following facts about the nature of Ray's employment. Appellant *hired* Ray to be his dental assistant. *See* N.T. October 3–6, 1988 at 95. However, during the course of her employment, Ray, with appellant's knowledge, used a cavitron to clean patients' teeth, used a prophy cup to polish patients' teeth after removing stains and tartar, and applied fluoride to children's teeth. *Id.* at 96, 102–03. Based upon the State Board of Dentistry's definition, it is clear that Ray performed tasks that are reserved to licensed dental hygienists. Appellant does not dispute that Ray performed these procedures; he argues, however, that he cannot be found guilty of violating the statute because he initially hired Ray as a dental *assistant*, not as a dental *hygienist*. According to appellant, the fact that Ray then *performed* procedures that are reserved for a dental hygienist did not alter her job description, or the nature of her employment. Appellant's argument rests solely on a strained and hypertechnical construction of the word "employ" in § 129(e). We cannot agree with this construction.

Because the word "employ" is not defined in the statute, and it is not a technical term, it must be construed according to its common and approved usage. *See* 1 Pa.C.S.A. § 1921(a); *see also Commonwealth v. Hill,* 481 Pa. 37, 391 A.2d 1303 (1978). In determining the common usage of statutory terms, this court, in the past, has turned to standard dictionary definitions. *See Commonwealth v. Roberson,* 298 Pa.Super. 184, 187, 444 A.2d 722, 723 (1988) (court can use dictionary to construe undefined words in statute according to their common and approved usage). *Webster's New Collegiate Dictionary* defines "employ" as "to make use of," "to occupy (as time) advantageously," "to

use or engage the services of." *Id.* at 371 (1979). In the case at bar, as our review of the evidence above shows, appellant in fact "made use of" or "engaged" an unlicensed person (Ray), who then performed services which had been reserved for licensed dental hygienists. Because appellant "used" Ray to perform procedures reserved to a dental hygienist, the evidence was sufficient to support the jury's conclusion that appellant violated the statute. *Accord Oppenheim v. Commonwealth, Dept. of State, etc.,* 74 Pa. Commw. 200, 459 A.2d 1308 (1983) (evidence that dental assistants performed prophylaxis sufficient to sustain suspension of dentists' licenses for employing unlicensed dental hygienist).

Appellant's second contention is related to the first: he argues that the court's jury charge concerning the meaning of the word "employ" in 63 Pa.S.A. § 129(e) was erroneous. Our standard of review in determining whether a jury instruction is proper is well-settled. "A court's charge to the jury will be upheld if it adequately and accurately reflects the law and was sufficient to guide the jury properly in its deliberations." *Commonwealth v. Person,* 345 Pa.Super. 341, 345, 498 A.2d 432, 434 (1985) (citations omitted); *see also Commonwealth v. Bey,* 249 Pa.Super. 185, 196, 375 A.2d 1304, 1310 (1977). Moreover, in reviewing the court's charge for error, we must read the charge as a whole: "error will not be predicated upon an isolated excerpt"; instead, "[i]t is the general effect that controls." *Commonwealth v. Wallace,* 347 Pa.Super. 248, 256, 500 A.2d 816, 820 (1985) (citations omitted); *see also Commonwealth v. Ohle,* 503 Pa. 566, 582, 470 A.2d 61, 70 (1983) (appellate examination of jury charge must be based on examination of it as whole to determine whether it was fair or prejudicial) (citations omitted). Furthermore, "[a] trial court has broad discretion in phrasing its points for charge, and is not bound to give instructions in the form requested, particularly where that form does not reflect a correct interpretation of the law." *Commonwealth v. Ohle, supra* (citations omitted); *see also Commonwealth v. Melendez,*

326 Pa.Super. 531, 538–39, 474 A.2d 617, 620–21 (1984) (trial court not required to accept points submitted by defendant verbatim; court free to use its own form of expression).

 The trial court's charge concerning the meaning of the word "employ" was as follows:

> Now, for the purpose of the act, a dentist employs a person as a dental hygienist when he *uses that person regardless of the person's particular job title or other work assignments, when he uses that person to perform the services which only one licensed as a dental hygienist is permitted to perform.* Those services would include prophylaxis procedures or removal of tartar deposits, accretion, stains from the exposed surfaces of the teeth and it would also include the application of medicaments to the exposed surfaces of the teeth, such as fluorides for the prevention of cavities. I have defined for you what is meant by the terms knowing, intentionally. I am not going to repeat those. If you are satisfied that the four elements of employing a licensed person as a dental hygienist have been proven beyond a reasonable doubt, you should find this defendant guilty. Otherwise you must find him not guilty.

N.T. October 3–6, 1988 at 260–61 (emphasis added). The court noted that its definition instruction was based on *Webster's Third New International Dictionary. See* Trial Court Opinion at 2. Appellant argues that the court erred in defining the word "employ" at all because the term "is self-explanatory and needs no definition." Appellant's Brief at 14. In addition, appellant argues that the charge given was erroneous because " 'employ' as used in 63 P.S. § 129(e) cannot be read expansively to include the use of the person to perform services which can only be performed by a dental hygienist, but must be defined narrowly to mean employ in the sense of 'hire.' " *Id.* at 14–15.

Appellant's claim that the court erred in defining "employ" at all clearly is meritless. As we have noted above, non-technical terms, which are not defined in a statute, must be given their common and approved usage, 1 Pa.C.

S.A. § 1921(a), and this court has approved of courts using a dictionary to construe undefined words. *See Commonwealth v. Roberson, supra.* Appellant's claim that the court was required to define the term as narrowly as possible also is meritless. As our Supreme Court noted in *Commonwealth v. Wooten,* 519 Pa. 45, 545 A.2d 876 (1988), "strict construction of penal statutes is required, however, courts are not required to give words of a criminal statute their narrowest meaning or disregard legislative intent." *Id.,* 519 Pa. at 53, 545 A.2d at 880. The charge as phrased clearly was an adequate and fair summary of the common and approved usage of the word "employ." In summary, we are satisfied that the court's charge adequately conveyed to the jury the proper legal principles governing violations of the statute, and was sufficient to properly guide the jury in its deliberations. Accordingly, appellant's jury instruction claim is meritless.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.