COMMONWEALTH of Pennsylvania,
Appellee,

v.

William G. LAWSON, Appellant.

Superior Court of Pennsylvania.

Submitted May 24, 2000.

Filed Aug. 21, 2000.

Sean P. McGraw, Bellefonte, for appellant.

Mark S. Smith, Asst. Dist. Atty., Bellefonte, for Com., appellee.

BEFORE: McEWEN, President Judge, LALLY–GREEN and HESTER, JJ.

HESTER, J.:

¶ 1 William Lawson appeals from the April 26, 1999 judgment of sentence of six months probation, five days community service, thirty-day suspension of driving privileges, $1,500 fine, and associated court costs. Sentence was imposed following his conviction for selling or furnishing liquor to minors, disorderly conduct, and purchase, consumption, possession, or transportation of liquor by a minor. We affirm in part and reverse in part.

¶ 2 On December 11, 1998, Officers Rusty Hays and McElrath[1] of Patton Township responded to a complaint of a loud party at a local apartment. Upon arrival, the officers observed a number of college-age people drinking. The officers asked to speak with a resident of the apartment, and Jeremy Lucabaugh met Officer Hays at the door. Officer Hays informed Mr. Lucabaugh if he turned over all the alcohol within two minutes, the officers would leave without issuing a citation.

¶ 3 Mr. Lucabaugh re-entered his apartment and soon emerged with an empty keg. Officer Hays told Mr. Lucabaugh that he did not believe that keg was the only source of alcohol and asked to enter the apartment. Upon entering the apartment, Officer Hays encountered Appellant who consented to a search of the premises. Officer Hays instructed everyone to wait in the living room during his search. The officers' search uncovered an additional keg of beer.

¶ 4 Officer Hays carried the additional keg of beer into the living room and announced to the people in the room it was due to Appellant that they would all be issued citations. N.T. Trial, 3/4/99 at 18, 33, 43, 46. Appellant became visibly upset and explained that he knew nothing of the second hidden keg. He further stated it was unfair of the officer to blame him for his friends' arrests. Shortly after this exchange, Officer Hays requested that Appellant escort him through the apartment to collect people hiding in the bedrooms. Appellant agreed and accompanied Officer Hays.

¶ 5 Officer Hays found two individuals hiding under Appellant's bed and directed them to the living room. Officer Hays

---

1. The record makes no mention of Officer McElrath's first name.

then knocked on the locked door of another bedroom. When the occupants did not respond, Officer Hays instructed Appellant to knock on the door and ask the people to exit. Appellant refused to knock on the door and became argumentative. Officer Hays advised Appellant "if he didn't settle down he was going to be arrested." N.T. Trial, 3/4/99, at 10. Appellant continued to make statements regarding the locked door, and Officer Hays placed him under arrest "just due to the verbal situation he was creating." *Id.*

¶ 6 Officer Hays grabbed Appellant's arm, and Appellant pulled away. Officer Hays then grabbed for Appellant a second time, whereupon he pushed Appellant into the living room. Officer Hays then pushed Appellant onto a couch, handcuffed him, and removed him to a patrol vehicle.

¶ 7 On January 6, 1999, Appellant was charged with one count of selling or furnishing liquor to minors, two counts of disorderly conduct, one count of resisting arrest, and one count of purchase, consumption, possession, or transportation of liquor. Appellant proceeded to trial on March 4, 1999, where he was found not guilty of resisting arrest, and guilty of the remaining charges. Appellant was sentenced on April 16, 1999, to the above-described sentence. Post-sentence motions were filed on May 6, 1999, and a hearing was held on June 1, 1999. The trial court denied Appellant's motions to dismiss the three charges. Appellant filed this timely appeal.

¶ 8 Appellant presents three allegations of error for our review. Initially, Appellant asserts the trial court erred in convicting him of selling or furnishing liquor to minors because the Pennsylvania General Assembly did not intend that a person under the age of twenty-one should be convicted of that crime. While Appellant presents a compelling argument in support of his position, for the following reasons, we are constrained to affirm.

¶ 9 Section 6310.1 of the Crimes Code does not specify the ranges of ages of persons subject to prosecution under its provisions. The statute provides: "a *person* commits a misdemeanor of the third degree if he intentionally and knowingly sells or intentionally and knowingly furnishes, or purchases with the intent to sell or furnish, any liquor or malt or brewed beverages to a person less than 21 years of age." 18 Pa.C.S. § 6310.1 (emphasis added). Appellant argues that we should interpret the term 'person' to mean an adult aged 21 or older.

¶ 10 Appellant refers us to a substantial volume of case law in favor of his interpretation. Specifically, Appellant argues this Court should extrapolate from the well-settled civil law regarding minors and alcohol. Appellant cites to the case of *Kapres v. Heller*, 536 Pa. 551, 640 A.2d 888 (1994). Our Supreme Court held that a minor could not be *civilly* liable for furnishing alcohol to other minors. The Court stated:

> In the present case the Plaintiff argues that we should hold the minor defendants to the standard required of adults in *Congini* [by *Congini v. Portersville Valve*, 504 Pa. 157, 470 A.2d 515 (1983)],[2] while providing to him the protections specially afforded minors under the same principle. The illogic of this argument is apparent on its face. Both the plaintiff and the defendant are considered under the law incompetent to handle alcohol. Both the plaintiff and the defendant would be responsible under the law for their own actions in furnishing or consuming alcohol. Thus, it is more logical and consistent with the prevailing view on social host liability in this Commonwealth to find that one minor does not owe a duty to another

---

2. The *Congini* case, which is the seminal case in Pennsylvania establishing a cause of action by a minor against an adult social host, specifically limited social host liability to one

who is lawfully entitled to possess and consume alcohol and furnishes it to one who is not so entitled.

minor regarding the furnishing or consumption of alcohol.

*Kapres,* 536 Pa. at 556, 640 A.2d at 891.

¶ 11 Appellant notes the apparent paradox between the absence of civil liability regarding minors serving alcohol to other minors, and the affirmative attachment of criminal liability for the same act. The language contained in *Kapres* clearly indicates this Commonwealth's policy rationale behind not imposing liability on minors serving alcohol to other minors. In addition to the language contained in *Kapres,* Appellant refers this Court to the legislative history of this statute.

¶ 12 Unfortunately, we are not able to consider the legislative history cited by Appellant. "Only when the statutory language is unclear may the Court delve into the legislative intent." *Commonwealth v. Tome,* 737 A.2d 1239, 1241 (Pa.Super.1999) (citations omitted). "The principles of statutory construction indicate that whenever possible each word in a statutory provision is to be given meaning and not to be treated as surplusage." *Id.,* at 1241.

¶ 13 In ascertaining the meaning of a statute, the appellate court must give the words of a statute their plain and ordinary meaning. *Commonwealth v. Thomas,* 743 A.2d 460 (Pa.Super.1999). The statute 18 Pa.C.S. § 6310.1 provides "a *person* commits a misdemeanor of the third degree if he sells or furnishes any liquor . . . to a person less that 21 years of age." A person is defined as "[a] living human being, especially as distinguished form an animal or thing." The American Heritage Dictionary, 1976.[3] The term person does not distinguish between a minor or an adult, but instead incorporates both in its breadth. Section 6310.1 does not exclude from criminal liability a 'seller' under the age of twenty-one selling to

another minor. It is the ultimate and exclusive responsibility of the legislature to change the wording of statutes. Until the legislature amends this statute, however, we are forced to apply its plain meaning.

¶ 14 Appellant next alleges the trial court erred in convicting him because the Commonwealth failed to prove beyond a reasonable doubt that Appellant "owned or controlled" the premises at 201 Vario Boulevard. Section 6310.1 of the Crimes Code provides that "a person commits a misdemeanor of the third degree if he intentionally and knowingly sells or intentionally and knowingly furnishes, or purchases with the intent to sell or furnish, any liquor or malt or brewed beverages to a person who is less that 21 years of age." Section 6310.6 defines the term 'furnish' to mean: "[T]o supply, give or provide to, or allow a minor to possess on premises or property owned or controlled by the person charged."

¶ 15 Appellant argues that because Appellant had three roommates, "control" of the property was not exclusively vested in him. We disagree. While we acknowledge Appellant does not have sole control and dominion over the premises, he has control over acts committed thereupon. Appellant cites no case law indicating that tenants-in-common are not liable for criminal violations occurring in a jointly-controlled residence. Appellant could have ordered all of the individuals present to cease their unlawful activity. Instead, Appellant chose to consume alcoholic beverages along with his guests. Appellant's action, or lack thereof, indicated he condoned the illegal activity. That is all that is required under the statute.

¶ 16 Finally, Appellant contends the evidence was insufficient to sustain a

---

**3.** "[N]on-technical terms, which are not defined in a statute, must be given their common and approved usage, and this court has approved of courts using a dictionary to construe undefined words."

*Commonwealth v. Hood,* 392 Pa.Super. 388, 572 A.2d 1287, 1289 (1990) (citation omitted.)

conviction for disorderly conduct. Preliminarily, we note our standard of review.

In reviewing a sufficiency of the evidence claim, the test we apply is whether the evidence, and all reasonable inferences taken from the evidence, viewed in the light most favorable to the Commonwealth as verdict-winner, were sufficient to establish all the elements of the offense beyond a reasonable doubt.

*Commonwealth v. Lopata*, 754 A.2d 685, 688, 2000 PA Super 163, ¶8; citing *Commonwealth v. Williams*, 554 Pa. 1, 720 A.2d 679, 682 (1998).

■ ¶17 Appellant contends that he was not in a "public place" as described in section c of the disorderly conduct statute. The statute states:

**§ 5503. Disorderly conduct**

(a) **Offense defined.**—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(1) engages in fighting or threatening, or in violent or tumultuous behavior;

(2) makes unreasonable noise;

(3) uses obscene language, or makes an obscene gesture; or

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

. . . .

(c) **Definition.**—As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973.

18 Pa.C.S. § 5503(c).

■ ¶18 Viewing the evidence in the light most favorable to the Commonwealth, we cannot conclude that there was ample evidence to support Appellant's conviction. Appellant concedes that his behavior was sufficient to constitute an offense under either subsection (1) or subsection (4) of the statute. This fact notwithstanding, Appellant contends he cannot be convicted of disorderly conduct because he was never in a "public" place.[4]

To convict appellant on the charge of disorderly conduct as a misdemeanor of the third degree, the Commonwealth was required to prove that appellant intended to cause substantial harm to the *public* or serious *public* inconvenience by his actions, or that he persisted in disorderly conduct after a reasonable warning or request to desist.

*Commonwealth v. Coon*, 695 A.2d 794, 798 (Pa.Super.1997).

¶19 The Commonwealth argues that Appellant violated 6310.1 of the Crimes Code "by allowing minors to possess and consume alcohol on property that he controlled." Appellee's brief at 12. We agreed with the Commonwealth and affirmed Appellant's conviction on this ground. It is ironic then that the Commonwealth makes exactly the opposite argument in the next page of its brief where it argues the apartment was open to members of the public.

¶20 The Commonwealth couches this statement somewhat by stating that the apartment was "not open to the public, [but] several members of the public had been invited." Commonwealth's brief at 14. We are not persuaded by the Commonwealth's attempt to characterize the individuals present as both "invitees" and "the general public." Black's Law Dictionary (5th Ed.1979) defines private proper-

4. We note that Appellant did not share common hallways or common areas with other renters and that his residence could more accurately be termed a townhouse.

**6**

ty as "such property as belongs absolutely to an individual, and of which he has the exclusive right of disposition."

¶ 21 We find our decision in *Commonwealth v. Meyer*, 288 Pa.Super. 61, 431 A.2d 287 (1981) particularly instructive. In *Meyer*, the appellant was charged with public drunkenness after engaging in a verbal altercation with the barmaid in a V.F.W. Post. He was removed from the club and taken outside where he was arrested. The Court found that the Post was a private club to which the public did not have access. The barmaid testified that in order to use the premises, "one must be a member of a guest or a member." *Meyer, supra* at 289. We find the instant situation to be quite similar. Appellant's party was open only to the renters of the apartment and their invited guests. We decline the invitation to extend the definition of "public" to encompass this group even if the number of guests totaled twenty or thirty persons.

¶ 22 For the foregoing reasons, we affirm in part and reverse in part. Jurisdiction relinquished.

¶ 23 President Judge McEWEN Files his Concurring and Dissenting Statement.

McEWEN, President Judge, concurring and dissenting:

¶ 1 While I agree with the decision of the majority as to the insufficiency of the evidence to establish disorderly conduct, I must dissent from the conclusion of the majority that an individual under the age of 21 can be criminally liable for providing intoxicants to another minor. The majori-

ty decision in *Kapres v. Heller*, 417 Pa.Super. 371, 612 A.2d 987, 989–90 (1992), *affirmed*, 536 Pa. 551, 640 A.2d 888 (1994), specifically addressed this issue from a civil liability perspective and, despite a fervent dissenting expression of the contrary view by Judge Beck[5], I agree with the rationale of the majority, and would, therefore, discharge appellant upon the charge of providing intoxicants to another minor.

18 Pa.C.S. § 6308. When interpreting and applying this section of the Code, the Pennsylvania Courts have steadfastly maintained those persons under 21 years of age are minors and incompetent to handle the effects of liquor. *Congini, supra*; 18 Pa.C.S. § 6308. We disagree with appellant's contention appellees are adults, as defined by Rule 76, and, therefore, can be found criminally liable under section 6308.
Majority opinion at page 4.
*Kapres v. Heller, supra*, 612 A.2d at 995.

---

5. Judge Beck noted in her dissent:

> ...I find particularly inexplicable and disturbing the majority's reasoning on page 5 regarding the criminal liability of underage drinkers and those who would facilitate their crime by furnishing them with intoxicants. The majority states:
>> The legal drinking age in Pennsylvania is 21 years of age, and pursuant to the Crimes Code a person under 21 commits a summary offense if he attempts to purchase, purchases, consumes or possesses.