STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
JAMES MULLEN *ET AL.*, DEFENDANTS-RESPONDENTS.

Argued March 4, 1975—Decided April 18, 1975.

*Mr. Glenn E. Kushel,* Deputy Attorney General, argued the cause for plaintiff-appellant (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

*Mr. Norman L. Zlotnick* argued the cause for defendants-respondents Walter Collette, Angus Schultz, Alvin Headley, James Mullen, Benjamin Anderson, Donald Mazur and Anthony NiCastro (*Messrs. Perskie and Callinan,* attorneys).

*Mr. Gerard C. Gross* argued the cause for defendants-respondents James Lynch, James Finegan, Albert Tomasini and Ralph Santoro; and *Mr. Patrick T. McGahn, Jr.* argued the cause for defendant-respondent William Horner (*Messrs. McGahn and Friss,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J. Defendants, members of the Police Department of the City of Atlantic City, were indicted by the State Grand Jury on charges of conspiracy, unlawful taking of money, false swearing and larceny. The false swearing charges resulted from defendants' allegedly having testified

falsely when they appeared before the State Grand Jury which was investigating allegations of corruption in the Atlantic City Police Department.

Defendants had been summoned to appear before the Grand Jury by virtue of *N. J. S. A.* 2A:81–17.2a *et seq.* the pertinent provisions of which are as follows:

2A:81–17.2a1    Duty of employee to appear and testify; removal for failure or refusal

It shall be the duty of every public employee to appear and testify upon matters directly related to the conduct of his office, position or employment before any court, grand jury or the State Commission of Investigation. Any public employee failing or refusing to so appear and to so testify shall be subject to removal from his office, position or employment. L. 1970, c. 72, § 2, eff. May 21, 1970.

2A:81–17.2a2    Immunity from use of evidence; perjury

If any public employee testifies before any court, grand jury or the State Commission of Investigation, such testimony and the evidence derived therefrom shall not be used against such public employee in a subsequent criminal proceeding under the laws of this State; provided that no such public employee shall be exempt from prosecution or punishment for perjury committed while so testifying. L. 1970, c. 72, § 3, eff. May 21, 1970.

After the indictment had been handed down, defendants moved to dismiss the charges of false swearing on the ground that defendants' testimony before the Grand Jury having been compelled, the statute (*supra*) barred the use of such testimony against them in a subsequent criminal proceeding, except that they could be prosecuted for perjury committed while so testifying.

The trial court granted defendants' motion and dismissed the charges of false swearing holding that under the statute, if indeed defendants had testified falsely before the Grand Jury, the only prosecution that could be had against them for their false testimony would be for perjury. The State has appealed the dismissal of the false swearing charges. This Court, on the State's motion, certified the

appeal pending unheard in the Appellate Division. *66 N. J.* 338 (1974).[1]

■ ■ We find the court's construction of the statute to be too restrictive. We conclude that a public employee who testifies under the compulsion of *N. J. S. A.* 2A:81–17.2a *et seq.*, but gives false testimony, may be prosecuted for false swearing as well as perjury.

We recognize that perjury, *N. J. S. A.* 2A:131–1, and false swearing, *N. J. S. A.* 2A:131–4, are separate crimes in this State. Perjury is limited to false testimony in judicial or quasi-judicial proceedings as to some matter material to the issue, requires corroboration and is a high misdemeanor. False swearing includes testimony in judicial proceedings, but does not require corroboration or proof of materiality and is a misdemeanor only. However, we conclude that the statute in question uses the term perjury in the generic sense of false testimony as do many cases and text writers. *McCormick, Evidence,* § 143 at 308 (1972); 8 *Wigmore, Evidence* (McNaughton Rev. 1961), § 2282 at 511–512; *Glickstein v. United States,* 222 *U. S.* 139, 32 S. Ct. 71, 56 *L. Ed.* 128 (1911); See 60 *Am. Jur.* 2d, *Perjury,* § 2 at 967.

Defendants point out that our general statute, *N. J. S. A.* 2A:81–17.3, compelling a person to testify in a criminal proceeding upon the grant of immunity, specifically provides that the witness may be prosecuted for perjury or false swearing if the compelled testimony is false while *N. J. S. A.* 2A:81–17.2a2 mentions only perjury. However, we do not find the difference in statutory language to be controlling, since the general statute is patterned after the Model State Witness Immunity Act which uses both terms.

---

[1] No contention has been made that the State should have sought leave to appeal under *R.* 2:3–1, *R.* 2:5–6(a). Since the issue raised by the appeal merits our consideration, we grant the State the right of appeal.

It is generally held that the immunity for compelled testimony, whether granted by statute or existing by virtue of the Fifth Amendment independent of statute, extends to past crimes only and does not protect against a prosecution for false testimony given when testifying under compulsion. *State v. Falco*, 60 *N. J.* 570, 585 (1972); *State v. Williams*, 59 *N. J.* 493, 498–500 (1971); *Wigmore, Evidence, supra; McCormick, Evidence, supra; Glickstein, supra.* It would frustrate the search for truth which is the very purpose of compelling testimony under a grant of immunity, if the witness could with impunity testify falsely at the hearing.

However, defendants contend that the only prosecution permitted by *N. J. S. A.* 2A:81–17.2a2 is one for the high misdemeanor, perjury. They argue that since a public employee faces the additional penalty of loss of office or employment upon refusal to testify, the legislative intent was to exempt such employee from the possible harassment of a charge of false swearing which requires a lesser degree of proof than perjury.

We are not persuaded by the argument advanced for the distinction suggested. We cannot conceive that in enacting *N. J. S. A.* 2A:81–17.2a2, the Legislature intended that a public employee who testifies falsely before a Grand Jury would be immune from any prosecution for such false testimony unless the State were able to establish the falsity of such testimony, as to some matter material to the issue, by corroboration or proof by more than one witness.[2]

The order of the trial court dismissing the counts of false swearing is hereby reversed and the counts hereby reinstated.

---

[2]When defendants appeared before the State Grand Jury they were warned that if they testified falsely they would be subject to prosecution for perjury or false swearing.

*For reversal*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.