230 N.J. Super. 605 (1989)
554 A.2d 872
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT HAARDE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 1989.
Decided February 16, 1989.
*606 Before Judges DREIER and HAVEY.
George T. Daggett argued the cause for defendant-appellant (Daggett & Kraemer, attorneys; George T. Daggett on the letter brief).
Paris P. Eliades, Assistant Prosecutor, argued the cause for plaintiff-respondent (Richard E. Honig, Sussex County Prosecutor, attorney; Paris P. Eliades on the letter brief).
The opinion of the court was delivered by HAVEY, J.A.D.
Defendant was convicted in the Sparta Municipal Court and again in the Law Division after a trial de novo of serving alcoholic beverage to an underage person, in violation of N.J.S.A. 2C:33-17. The municipal court fined defendant $800 and imposed a $30 VCCB penalty. The Superior Court reduced the fine to $250.
On appeal, defendant contends that N.J.S.A. 2C:33-17 is intended to apply only to persons 21 years or older who serve or make available alcoholic beverages to underage persons. He also argues that the municipal court made errors in evidentiary rulings and that it misinterpreted N.J.S.A. 2C:33-17.
The evidence presented in the municipal court established that defendant, who was home from college for the Thanksgiving holiday, had a party at his parents' home in Sparta. Defendant was over 18 but under 21 years of age at the time. He *607 and a group of friends had purchased one or more half kegs of beer. During the course of the party over 150 youths attended. According to the State's witnesses, 60 to 75 percent of the attendees were under 21 years of age.
Ronald Reap, aged 17, testified that he paid $2 to defendant, with whom he had gone to high school, for the right to drink from the keg of beer. He also stated that he consumed the beer in defendant's presence. Reap attended the party with two of his friends who were 16 and 17-years old respectively. John Ruby, a 20-year old, testified that he was a friend of defendant and was collecting money on defendant's behalf from those present at the party, some of whom were underage. Ruby also drank beer from the keg during the course of the party. As a result of a neighbor's complaint, the police arrived at the party and charged the defendant with a violation of N.J.S.A. 2C:33-17.
We reject defendant's contention that N.J.S.A. 2C:33-17 is intended to apply only to persons 21 years or older. The statute provides in applicable part that:
[a]nyone who purposely or knowingly offers or serves or makes available an alcoholic beverage to a person under the legal age for consuming alcoholic beverages or entices that person to drink an alcoholic beverage is a disorderly person.
Defendant's interpretation ignores the clear and unambiguous language of the statute, making "[a]nyone who purposely or knowingly offers or serves or makes available ..." alcoholic beverages to an underage person guilty of the offense. [Emphasis added]. The statute does not limit prosecution to those persons who are 21 years of age or older. Where a statute is plain in its terms, there is no room for judicial construction, and our duty is to construe and apply the statute as enacted. In Re Jamesburg High School Closing, 83 N.J. 540, 548 (1980). A legislative mandate "should not be thwarted by us to achieve a result not contemplated by the Legislature." Howell Tp. v. Manasquan River Regional., 215 N.J. Super. 173, 181 (App. Div. 1987); see also Magro v. City of Vineland, 148 N.J. Super. 34, 39 (App.Div. 1977).
*608 Moreover, the evident purpose of the statute is "to discourage drinking by persons under the legal age ... by placing more responsibility on adults." Introduction Statement, Senate, Bill No. 2312, L. 1985, c. 311 [emphasis added]. Defendant's construction of the statute would frustrate this legislative intent by permitting "adults" 18 to 21 years of age to serve underage persons with impunity. We cannot conceive that the Legislature intended to permit, for example, a 20-year old to serve alcoholic beverages to a 13-year old and escape prosecution. If the underlying purpose of the statute is to discourage drinking by persons under the legal age of 21, it must be applied to prohibit all adults 18 years of age and older from serving alcoholic beverages to underage persons.
Defendant next contends that the municipal court erred in concluding that the statute was violated simply by defendant making his house available for consumption of alcoholic beverages by underage persons. We need not address this point since our role is to review the findings of the Law Division after the trial de novo. Judge Gascoyne concluded that defendant purposely or knowingly made available alcoholic beverages to persons under the legal age in violation of the statute. His determination is fully supported by substantial credible evidence in the record as a whole. State v. Johnson, 42 N.J. 146, 161 (1964). Friends of defendant and persons with whom he went to high school, all underage, testified that they drank from defendant's keg of beer in his presence, and that at least one of the underage attendees paid defendant $2 for the privilege. From the evidence, a reasonable inference could be drawn that defendant purposely or knowingly made the alcoholic beverages available to the underage attendees for the purpose of consumption.
Defendant also argues that the municipal court erred in precluding a witness from testifying that defendant had ordered some of the younger people to leave the party. The municipal court concluded that the testimony was hearsay evidence. We agree with defendant that his purported statement *609 was not hearsay. A statement can be characterized as hearsay only if it is introduced to prove the truth of the matter stated. Evid.R. 63. Defendant's exclamation was a verbal act, offered to prove that defendant did not make available alcoholic beverages to the underage persons at the party. See State v. Humanik, 199 N.J. Super. 283, 306 (App.Div. 1985); Ringwood Assoc's, Ltd. v. Jack's of Route 23, 166 N.J. Super. 36, 43 (App.Div. 1979).
However, the erroneous evidentiary ruling by the municipal court was harmless. R. 3:23-8(a) provides that in a trial de novo the Superior Court may remand for a new trial or conduct a plenary trial de novo if defendant's rights were prejudiced in the municipal court. The Superior Court may also supplement the record and admit additional testimony whenever the municipal court erred in excluding evidence offered by the defendant. Here, Judge Gascoyne properly concluded that in view of the overwhelming evidence of defendant's guilt, a remand or supplementing of the record to admit the excluded evidence was unnecessary. We agree, particularly since defendant himself testified that he had ordered the juveniles to leave the party, and thus the excluded evidence was simply corroborative.
Affirmed.