612 A.2d 987

**Richard N. KAPRES, Appellant,**

**v.**

**Charles HELLER, Randy Richard, Kirk Butryn, Anthony Gatti, Michael DeCapua, Michael Cole, John Luzier, Curtis P. Aldrich and Larry L. Kifer t/d/b/a Aldila Enterprises, Robert Pasko, John Galeza, Steve Amsdall, Brian Reese, Robert McCarthy, Brett Black, Mike Flinchbaugh, Richard L. Martin and Sharron Stroup Martin, Gregg Shapiro, Paul Sever, Christopher Iezzi, John Besic, Don Scovotti, Mark Allison, Phi Sigma Fraternity, Sidney Miles**

**v.**

**Donald J. BEICHNER and Jeff Cingle.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1991.

Filed June 2, 1992.

Reconsideration Granted, Opinion Corrected;
Reargument Denied July 7, 1992.

Harry H. Stump, II, Pittsburgh, for appellant.

Fredric E. Orlansky, Pittsburgh, for Galeza, appellee.

Jay Habas, Pittsburgh, for Sever, appellee.

David L. Haber, Pittsburgh, for Shapiro, appellee.

Before BECK, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

Richard N. Kapres takes this appeal from the September 10, 1990, January 29, 1991, September 3, 1991 and September 4, 1991 Orders [1] granting summary judgment for appellees. The first two Orders pertain to student tenants while the September 3 and 4 Orders granted summary judgment to adult landowners. With regard to minor defendants Gregg Shapiro, Steve Amsdall, Brett Black, Michael DeCapua, Mike Flinchbaugh and Robert Pasko, the primary issue presented for our review is whether an individual under 21

---

[1]. These appeals were consolidated for our review by Orders dated September 10, 1991 and February 3, 1992.

years of age, who provides alcohol to a person also under age 21, can be held liable under the social host doctrine for injuries sustained by the minor as a result of his intoxication. In addition to his argument all of the aforementioned appellees must be held liable despite their minority, appellant argues appellees Black, Flinchbaugh, Pasko and Galeza, who is over 21 years of age, as tenants of one of the premises on which appellant allegedly consumed alcohol, were liable for his injuries on the theory they knew or should have known their premises were being used for underage drinking. The resolution of this second issue is, except as to Galeza, of course, dependent upon the validity of the theory social host liability extends to a minor who serves or furnishes alcohol to another minor.

Appellees Richard and Sharron Martin and Aldrich and Kifer, t/d/b/a Aldila Enterprises, are adult landowners who rented housing to the minor appellees. Specifically, the Martins were landlords to Pasko, Galeza, Amsdall, Black, Flinchbaugh and Cingle,[2] while none of Aldila's tenants is a party to this appeal. Galeza, since he is an adult, is not considered in this discussion and will be dealt with separately.

Appellant argues the Martins and Aldila Enterprises, as the owners and landlords of the premises where he consumed alcohol, should be held responsible for his injuries on the theory of social host liability. Additionally, appellant argues these landowner/appellees are bound by a prior Order denying summary judgment to a similarly situated property owner/landlord on whose premises appellant had allegedly consumed alcohol on the night he was injured.

We will deal with the issues before us beginning with those pertaining to the minor defendants. On March 21, 1986, 19–year old appellant was struck by a car as he was walking home after attending a series of parties where he had been consuming alcohol. Appellees Shapiro, Amsdall, Black, DeCapua, Flinchbaugh and Pasko, who were alleged

2. Defendants Brian Reese and Robert McCarthy were also tenants of the Martins but are not party to this appeal.

to either have served him intoxicating beverages or aided him in obtaining these beverages, were also all under 21 years of age at the time of the incident. The court found because the defendants were all under 21 years of age, and therefore minors, they owed no duty to appellant, could not be found liable under the social host doctrine and were entitled to judgment as a matter of law. The court reasoned, for the purpose of interpreting and enforcing the Liquor Code in the state of Pennsylvania, a minor has consistently been defined as an individual under the age of 21.

As an appellate court, we are bound to consider certain principles when and under what circumstances a trial court may properly enter summary judgment. *Goebert v. Ondek,* 384 Pa.Super. 100, 557 A.2d 1064 (1989). The trial court must accept as true all well-pleaded facts relevant to the issues in the non-moving party's pleadings, and give to him the benefit of all reasonable inferences to be drawn therefrom. *Jefferson v. State Farm Insurance Co.,* 380 Pa.Super. 167, 551 A.2d 283 (1988). A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the court's conclusion no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035; *see Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989). The court must ignore controverted facts contained in the pleadings and restrict its review to material filed in support of and in opposition to a motion for summary judgment and to those allegations in pleadings which are uncontroverted. *Overly v. Kass,* 382 Pa.Super. 108, 554 A.2d 970 (1989). We will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *McCain v. Pennbank,* 379 Pa.Super. 313, 549 A.2d 1311 (1988).

Appellant argues the holding in *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983), which imposed social host liability on adults who furnish alcohol to persons

under the age of 21, should be extended to impose liability on persons between 18 and 21 years of age who provide liquor to persons between 18 and 21 years of age. In support of this argument, appellant presents for our review and consideration two Third Circuit Court of Appeals cases which, appellant contends, suggest if given the opportunity to address the issue, the Pennsylvania Supreme Court would hold an individual over the age of 18 can be criminally and civilly liable for the service of alcoholic beverages to those under 21 years of age. *See Macleary v. Hines*, 817 F.2d 1081 (3rd Cir., 1987), and *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150 (3rd Cir., 1986). Both *Fassett* and *Macleary* reasoned persons under 21 but over the age of 14 were presumptively capable of negligence and, therefore, potentially liable as social hosts.

While at first blush the Third Circuit reasoning appears convincing, these decisions do not express Pennsylvania law on the particular issue involved in this appeal, to wit: whether a minor may be held liable for providing alcohol to another minor who is subsequently injured, and are not binding precedent for this Court. When speculating as to how our Supreme Court would rule given the opportunity, both *Fassett* and *Macleary* failed to explore the logic behind the compelling public policy of this Commonwealth to protect "those persons who are, at least in the eyes of the law, incompetent to handle the effects of alcohol." *Congini, supra* 504 Pa. at 161, 470 A.2d at 517. We do not take issue with appellant's argument it is the public policy of this state to eliminate access to alcohol by persons under the age of 21. We do, however, disagree with what appellant believes is the natural consequence of this policy; which is the imposition of social host liability on persons 18 years or older because under Pa.R.C.P. 76, Definitions, such persons are defined as adults and are subject to criminal prosecution for furnishing alcohol under the Crimes Code. Pa.R.C.P. 76; 18 Pa.C.S. § 6308. What appellant fails to include in his argument, however, is the fact Rule 76 states the definitions listed are applicable *unless* the context of

the law indicates otherwise or the particular word is expressly defined in the specific chapter.

The legal drinking age in Pennsylvania is 21 years of age, and pursuant to the Crimes Code a person under 21 commits a summary offense if he attempts to purchase, purchases, consumes or possesses alcohol. 18 Pa.C.S. § 6308. When interpreting and applying this section of the Code, the Pennsylvania Courts have steadfastly maintained those persons under 21 years of age are minors and incompetent to handle the effects of liquor. *Congini, supra;* 18 Pa.C.S. § 6308. We disagree with appellant's contention appellees are adults, as defined by Rule 76, and, therefore, can be found criminally liable under section 6308.

Appellant's argument favoring a singular absolute age (herein age 18), defining when one reaches majority is not novel. To the contrary it is reminiscent of an argument voiced by all men between 18 and 21 years of age who live in a state where the legal drinking age is 21: If I can die for my country, why can't I drink. Likewise, what divine wisdom is imparted to a teenager on his 16th birthday, which he didn't have 24 hours earlier, which makes him capable of driving an automobile? The fact of the matter is there is no magic moment in any person's life when he or she becomes omnipotent or, at the least, an expert in whatever activity he chooses to pursue. For this reason the legislature, in its wisdom, when promulgating laws assigning an age restriction on an activity, whether it be drinking, driving or voting, has taken into consideration a multitude of factors before imposing a "legal age." In the matter before us we are concerned with at what crossroads in the average person's life he reaches the point he becomes an adult and must be responsible for his actions with regard to providing and/or consuming alcohol. Our legislature has decided that level of maturity and accompanying degree of responsibility are achieved at age 21 and we find no compelling reason to lower that age. In the context of legislation related to underage drinking, the legislature has carved out an exception as to persons under 21 years of age, despite

the fact that voting age, age for marriage and age for entering into contracts, has been set at 18, primarily due to the turbulence and guilt arising from sending 18–year old persons to war during the Vietnam era. Variable standards for determining age of capacity are not new to commonlaw or statutory law in Pennsylvania or elsewhere. At commonlaw in Pennsylvania, a female was competent to marry at the age of 12, whereas a male reached capacity at 14. 23 Pa.C.S. § 1103 Commonlaw marriage. *See In Interest of Miller,* 301 Pa.Super. 511, 448 A.2d 25 (1982). As a result of the fervor created by *Miller* (in which a female 14 years of age married her 36–year old teacher despite orders of court enjoining the relationship), the legislation provided for annulment of commonlaw marriages by a party under 18 through a declaratory judgment proceeding by the minor's parent or guardian. *See* 23 Pa.C.S. § 3303(b) Annulment void and voidable marriages.

Similarly, with statutory rape, the legislature has varied the age of minority-majority of both victim and offender to relate to the realities of the times. In 1976, the Crimes Code was amended to *increase* the age of the offenders from *16* to *18* years of age and *reduce* the age of the victim from *16* years to *14* years of age.

A person who is 18 years of age or older commits statutory rape, a felony of the second degree, when he engages in sexual intercourse with another person not his spouse who is less than 14 years of age. 1972 Dec. 6, P.L. 1482, No. 334 § 1, as amended 1976, May 18, P.L. 120, No. 53 § 1.

18 Pa.C.S. § 3122 Statutory rape. These and other provisions dealing with minors and adults have been dealt with frequently by the legislature so it is not possible to apply the simplistic three-step test as to competence of minors adopted by the Third Circuit Court of Appeals to determine the legislative intent under the social host legislation. Accordingly, appellant's argument to lower the age of majority to 18 for purpose of imposing social host liability must fail.

Appellant's argument is also flawed in that he attempts to treat similarly situated parties in two completely opposite manners. Appellant demands he enjoy the classification of a minor for the purpose of being furnished alcohol, yet argues the court must find the alleged suppliers of the alcohol to be adults despite the fact they too were under 21 at the time of the incident. This reasoning is illogical as well as fatal because, as pointed out by the trial court, if the appellees are found to be adults, the appellant would also be considered an adult and would be without a cause of action against his alleged social hosts. *See Klein v. Raysinger*, 504 Pa. 141, 470 A.2d 507 (1983).

We find no basis on which to extend social host liability to persons under the age of 21 who are, in the eyes of the law, incompetent to handle the effects of alcohol. We hold, therefore, for the purpose of imposing social host liability, an individual is a minor until he reaches 21 years of age. Having so found, it is not necessary for this Court to address the issue of whether appellees, as minor tenants of the premises where appellant allegedly consumed alcohol, must be held liable for appellant's injuries.

Based on the foregoing reasons of law and fact we agree with the trial court's finding all persons under age 21 are incompetent in matters involving alcohol and, in keeping with the Supreme Court's holding in *Congini*, a minor owes no duty to another minor for the furnishing of alcoholic beverages. Wherefore, we affirm the September 10, 1990 and January 29, 1991 Orders granting summary judgment in favor of the minor appellees.

We turn our attention now to appellant's arguments directed to the adult landowner/appellees while keeping in mind the standard of review for appeals from Orders granting summary judgment. We first address the issue whether a subsequent trial judge, herein Judge David S. Cercone, is bound by another Common Pleas Court judge's decision denying summary judgment in favor of a similarly situated landlord/property owner who had allegedly leased his prem-

ises to unnamed minor appellees.[3]  Appellant relies on *Yu-dacufski v. Commonwealth of Pennsylvania Department of Transportation*, 499 Pa. 605, 454 A.2d 923 (1982), for the proposition that absent compelling circumstances, a judge should follow the decision of a colleague on the same court when his decision is based on the same set of facts.

*Yudacufski* is procedurally distinguishable from the case before us.  Yudacufski appealed from an Order denying his motion for a change of venue arguing only two weeks prior another Common Pleas Court judge had granted that request in a similar case which also involved the condemnation of property for construction of Interstate 81.  The key distinction between *Yudacufski* and the present case, which prevents our finding Judge Cercone erred by granting summary judgment, is while in *Yudacufski* the appellant and the Superior Court had "President Judge Curran's well-reasoned *Seltzer* opinion" upon which to rely, here Judge Louik did not pen an opinion addressing his reason for denying Miles' motion and any conclusions as to his reasoning for denying summary judgment would be mere speculation on our part.  *Yudacufski, supra* at 610, 454 A.2d at 925.  *Yudacufski* is also factually distinguishable.  While Yudacufski sued only one party, here we have multiple defendants and because appellant visited premises owned by the Martins, Aldila Enterprises and Miles, unique factual scenarios existed at all three premises precluding a blanket denial of summary judgment with regard to all property owner appellees.

Without being privy to the particular facts upon which Judge Louik's Order was based, this Court cannot arbitrarily apply the Louik decision to the case now before us.  In rendering his decision denying summary judgment, Judge Louik was bound by the same standard as Judge Cercone

**3.**  As appellees Aldrich and Kifer noted in their brief, this argument is arguably waived for appellant's failure to file a statement of matters complained of on appeal in accord with Pa.R.A.P. 1925(b) and as ordered by Judge Cercone on September 27, 1991.  However, we will not penalize appellant for counsel's failure to comply with the court Order.

and, absent evidence to the contrary, we assume Judge Louik's decision was sound and this Court will not speculate as to the basis for his decision. Therefore, we find appellant's argument suggesting Judge Louik's decision precluded Judge Cercone's decision granting summary judgment devoid of merit.

We move now to appellant's argument summary judgment was inappropriate based on the evidence presented in the pleadings. Appellant contends social host liability should exist for persons, such as the adult appellees, who owned the premises on which alcohol was provided to persons under the age of 21. Our Supreme Court has stated, in the context of a social host, liability cannot attach absent a showing an individual knowingly furnished alcohol to a minor. *Alumni Association v. Sullivan*, 524 Pa. 356, 572 A.2d 1209 (1990). The "knowingly furnished" standard requires actual knowledge on the part of the social host as opposed to imputed knowledge imposed as a result of the relationship between the parties. *Id.*, 524 Pa. at 364, 572 A.2d at 1212. Judge Cercone relied on *Sullivan* when he granted summary judgment, finding there was no evidence appellees either knowingly provided alcohol to the minor appellant or were aware underage drinking parties were being held at the apartments they owned. (Slip Op., Cercone, J., 10/17/91, p. 2.) Appellant argues the Martins had actual knowledge of the parties because their lease allegedly gave them the right to terminate if the premises were being used for "keg parties." Because the Martins failed to police the premises on a nightly basis, keeping an ever vigilant eye for beer parties, appellant contends appellees were negligent for failing to exercise control over the premises. Similarly, appellant contends Aldrich and Kifer negligently failed to "prevent their premises from being the scene of numerous alcoholic parties attended by more than 100 persons, many of them minors." (Appellant's brief at p. 12.)

The fact the Martins, landlords in a college town, included in their lease a clause wherein they could terminate the lease should they discover the premises were being

used for beer parties is not unusual nor is it proof they had actual knowledge such activity was occurring. There is no Pennsylvania law which makes it incumbent upon landlords to police the activities, legal or otherwise, of their tenants. No evidence was presented the adult appellees were present on the premises the evening appellant willingly imbibed at parties hosted by the tenants. They did not plan the events nor were they involved in the supplying or purchasing of the alcohol served. The fact the parties appellant allegedly attended were held on property owned by the adult appellees is of no consequence considering their obvious detachment from the events leading to appellant's tragic accident. We will impose no duty for what appellant argues appellees should have known. Because we agree with the trial court there is no genuine issue of material fact and adult appellants are entitled to judgment as a matter of law, we affirm the trial court's grant of summary judgment in favor of the Martins and Kifer and Aldrich, t/d/b/a Aldila Enterprises.

As to Mr. Galeza, who was a co-tenant with the minor defendants in this case, while he does not escape liability on the theory addressed above, we agree with the trial court that summary judgment was properly granted as to him because the record fails to disclose any manner in which he participated or contributed to this "hospitable environment" upon which his liability could be assessed. Our careful review of the record on appeal likewise fails to establish the requisite connection necessary to present a factual issue before a jury. The complaint and affidavits merely allege the social host doctrine and the fact Galeza was a tenant with the other minor tenants. This is insufficient to establish his negligence under the accomplice theory announced in *Congini, supra*. The effect of *Congini* was to impose a per se rule of civil liability on adults who serve a minor for subsequent injuries suffered by the minor or third persons he injured as a result of his intoxication. Merely being a tenant, without evidence that Galeza participated in organizing the party, serving the beer or in some other fashion violating the criminal laws of Pennsylvania in

relation to this activity, is insufficient to establish a civil cause of action, even under the liberal holdings of *Fassett, supra* which we have rejected.

Based on the foregoing we affirm the Orders of September 10, 1990, January 29, 1991, September 3, 1991 and September 4, 1991 granting summary judgment in favor of all appellees.

Orders affirmed.

BECK, J., dissents.

BECK, Judge, dissenting:

The majority finds that a person who himself is under the legal drinking age cannot be civilly liable to another underage person for furnishing him with intoxicants. I believe that this conclusion conflicts with logic, public policy and prior case law. Therefore, I dissent.

The majority bases its erroneous conclusion on the assumption that, because the legislature has fixed the legal drinking age at twenty-one, a person under twenty-one years of age is not "responsible for his actions with regard to providing and/or consuming alcohol." Majority opinion at page 989–90. This overbroad statement fails to take heed of the fundamental concept that, under the law, an individual can be a "responsible" adult for some purposes but not others. This general principle is particularly applicable in the area of liquor consumption and liability. In fact, far from immunizing an underage drinker from responsibility for his actions vis-a-vis intoxicants, the legislature subjects a "minor" [1] to criminal sanctions for knowingly purchasing, consuming or possessing alcohol. This imposition of responsibility is entirely consistent with the overall public policy of the underage drinking laws, i.e., to restrict underage access to intoxicants in order to protect minors and the rest of the population from the destructive, often fatal, combination of youth and alcohol. In my view, the

1. Except as otherwise noted, I use minor in this opinion as synonymous with a person under the legal drinking age.

majority's opinion undermines the legislature's policy goal of keeping intoxicants out of the hands of those deemed by lawmakers to be peculiarly incapable of handling their effects.

The law regarding social host liability was substantially changed in 1983 with the landmark decision of *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983). Decided along with *Congini* was *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983), a companion case with a similar but ultimately critically different issue. In *Klein,* the supreme court was called upon to resolve the issue of the liability of a gratuitous server of intoxicants to an adult guest. The supreme court declined to impose social host liability in that situation, relying on the common law rule that the proximate cause of the harm caused by the intoxicated adult was the adult's consumption of alcohol, not the furnishing of it.

The same day in *Congini,* however, the supreme court recognized a cause of action against social hosts who supply intoxicants to a minor guest. Mark Congini was an eighteen year old employee of the defendant, Portersville Valve Co. Portersville sponsored a party which Congini attended and at which he was served alcoholic beverages. After becoming intoxicated, Congini got his car keys from a company employee and started to drive home. On his way home, Congini was involved in an accident which left him totally and permanently disabled. The trial court dismissed Congini's complaint against Portersville, concluding that it failed to state a cause of action. The superior court affirmed and the supreme court reversed.

The supreme court acknowledged the similarity of the issue in *Congini* to that raised in *Klein,* but noted that the critically distinguishing feature was that the guest in *Congini* was a minor. The supreme court reasoned as follows. The legislature has made a "legislative judgment that persons under twenty-one years of age are incompetent to handle alcohol." This legislative judgment is manifested in the section of the crimes code which makes it a summary

criminal offense for an underage person to purchase, consume or possess alcoholic beverages 18 Pa.C.S. § 6308.[2] It is significant to note that another section of the code penalizes as an accomplice other persons for furnishing alcohol to a minor. 18 Pa.C.S. § 306.[3] *See: Jefferis v. Commonwealth,* 371 Pa.Super. 12, 17, 537 A.2d 355, 358 (1988).

The *Congini* court opined that underlying these criminal provisions is the "obvious legislative decision to protect both minors and the public at large from the perceived deleterious effects of serving alcohol to persons under twenty-one years of age." *Congini,* 504 Pa. at 162, 470 A.2d at 518. The supreme court applied Section 286 of the Restatement (Second) of Torts [4] which permits a legislative

2. Section 6308 provides in pertinent part:
   **§ 6308. Purchase, consumption, possession or transportation of liquor or malt or brewed beverages**
   **(a) Offense defined.**—A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages....
   18 Pa.C.S. § 6308.

3. Section 306 provides in relevant part:
   **§ 306. Liability for conduct of another; complicity**
   **(c) Accomplice defined.**—A person is an accomplice of another person in the commission of an offense if:
   (1) with the intent of promoting or facilitating the commission of the offense, he:
       (i) solicits such other person to commit it; or
       (ii) aids or agrees or attempts to aid such person in planning or committing it....
   18 Pa.C.S. § 306(c).

4. Section 286 of the Restatement (Second) of Torts provides:
   **§ 286. When Standard of Conduct Defined by Legislation or Regulation Will be Adopted**
   The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
   (a) to protect a class of persons which includes the one whose interest is invaded, and
   (b) to protect the particular interest which is invaded, and
   (c) to protect that interest against the kind of harm which has resulted, and
   (d) to protect that interest against the particular hazard from which the harm results.

enactment to define the standard of care of a reasonable person and, therefore, concluded that a host is "negligent per se in serving alcohol to the point of intoxication to a person less than twenty-one years of age, and that [he] can be held liable for injuries proximately resulting from the minor's intoxication." *Id.*

The court explained that "[u]nder our analysis, an actor's negligence exists in furnishing intoxicants to a class of persons legislatively determined to be incompetent to handle its effects. It is the person's [the host's] service which forms the basis of the cause of action, not whether or not a putative plaintiff is entitled to recover." *Id.* (emphasis added). In other words while a social host may not be negligent in serving intoxicants to adults, *Klein,* the same social host may be negligent for serving intoxicants to minors. *Congini.* The standard of care in the latter case is derived from public policy clearly enunciated by the legislature. Furthermore in *Congini,* the plaintiff was the person to whom intoxicants were served as opposed to an innocent third party. The supreme court found this distinction irrelevant in the context of deciding whether a cause of action exists.

In *Congini* and most significantly for our discussion, the supreme court explained that a minor can be contributorily negligent for drinking intoxicants and that the minor's negligence could be asserted as a defense by the social host. This conclusion in *Congini* was based on the court's recognition that "under the scheme set up by this Court in *Kuhns v. Brugger,* 390 Pa. 331, 338–341, 135 A.2d 395, 401 (1957), an eighteen year old person is 'presumptively capable of negligence.' ... [and] that an eighteen year old is liable as an adult for the offenses which he commits, and that by knowingly consuming alcohol an eighteen year old is also guilty of a summary offense." *Congini,* 504 Pa. at 163–164, 470 A.2d at 518.[5] Thus, the *Congini* court explicit-

5. Specifically, the standards developed in *Kuhns v. Brugger* put minors in three categories regarding their capacity to act negligently:

ly held that an eighteen year old "minor" (as was the plaintiff in *Congini*) is presumptively capable of negligently consuming alcohol.

The majority ignores the clear import of *Kuhns* and *Congini* and finds that an eighteen year old cannot be negligent in providing alcohol. This result is illogical and erroneous and, once again, stems from the majority's faulty premise that until a person is twenty-one he is not "responsible for his actions with regard to providing and/or consuming alcohol." The policy of the Commonwealth is not as the majority states to shield minors from the consequences of alcohol consumption. The policy of the Commonwealth which could not be more plainly articulated is to discourage alcohol consumption by minors. Under the majority's holding a nineteen year old who serves alcohol to a thirteen year old would not be civilly liable for the harm caused by the intoxicated thirteen-year old.

In addition the majority's rationale fails if we examine the criminal law. The policy of the criminal law does not support the majority's conclusion that until a person is twenty-one he is not "responsible for his actions with regard to providing and/or consuming alcohol." Under the criminal law a person under twenty-one but over eighteen is criminally answerable for his actions in consuming, 18 Pa. S.C. 6308, and/or furnishing alcohol, 18 Pa.S.C. 306, and is held accountable, as an adult, for both actions.

Therefore, I find particularly inexplicable and disturbing the majority's reasoning on page 5 regarding the criminal liability of underage drinkers and those who would facilitate their crime by furnishing them with intoxicants. The majority states:

> [M]inors under the age of seven years are conclusively presumed incapable of negligence; minors over the age of fourteen years are presumptively capable of negligence, the burden being on such minors to prove their incapacity; minors between the ages of seven and fourteen years are presumed incapable of negligence, but such presumption is rebuttable and grows weaker with each year until the fourteenth year is reached.
>
> *Kuhns v. Brugger*, 390 Pa. 331, 340, 135 A.2d 395, 401 (1957).

> The legal drinking age in Pennsylvania is 21 years of age, and pursuant to the Crimes Code a person under 21 commits a summary offense if he attempts to purchase, purchases, consumes or possesses. 18 Pa.C.S. § 6308. When interpreting and applying this section of the Code, the Pennsylvania Courts have steadfastly maintained those persons under 21 years of age are minors and incompetent to handle the effects of liquor. *Congini, supra;* 18 Pa.C.S. § 6308. We disagree with appellant's contention appellees are adults, as defined by Rule 76, and, therefore, can be found criminally liable under section 6308.

Majority opinion at page 377 (emphasis added).

Whose criminal liability does the majority dispute in the above-quoted passage? There is no support for immunizing the under twenty-one year old server. Clearly, the person over eighteen serving alcohol to a person under twenty-one could be criminally responsible as an accomplice. 18 Pa. S.C. 306. It is inconceivable that the legislature would make the accomplice statute applicable to all persons over eighteen for all crimes and except the person serving alcohol to minors. In the instant case, appellees are alleged to have intentionally provided appellant with intoxicants, thereby promoting or facilitating the consumption of alcohol by an underage drinker as his accomplices. The majority appears to conclude that appellees cannot be prosecuted as accomplices because, as "minors", they are incompetent to handle the effects of alcohol. Since the legislature made it a crime for eighteen to twenty-one year olds to consume liquor, it is incomprehensible that they would grant immunity from criminal liability to those persons of the same age who furnish the intoxicants and act to promote or facilitate the crime.

The majority's error, in my view, lies in its failure to reconcile the fact that while the legislature's policy is to discourage drinking in persons under twenty-one, the legislature intended to implement this goal by imposing criminal liability on all responsible adults, aged eighteen and older,

for providing intoxicants to underage drinkers. Under the majority's holding our hypothetical nineteen-year old who served intoxicants to a thirteen-year old would not be responsible either criminally or civilly. The majority's holding defeats the underlying purpose of the criminal statutes which is to discourage drinking by persons under twenty-one.

The legislature, in an apparent effort to emphasize the seriousness of serving intoxicants to minors, enacted 6310.1 of the Crimes Code in 1988. The legislature has made it a separate criminal act knowingly to sell or furnish a underage person with alcoholic beverages. By making it a separate crime the legislature articulated the policy that it was insufficient to base criminal liability on accomplice theory alone. Specifically, section 6310.1 provides:

> § 6310.1. Selling or furnishing liquor or malt or brewed beverages to minors
>
> (a) Offense defined.—Except as provided in subsection (b), a person commits a misdemeanor of the third degree if he intentionally and knowingly sells or intentionally and knowingly furnishes, or purchases with the intent to sell or furnish, any liquor or malt or brewed beverages to a person who is less than 21 years of age.

18 Pa.C.S. § 6310.1 (Purdon 1991).[6]

It seems obvious that section 6310.1 was enacted to further the strong legislative goal of keeping intoxicants out of the hands of underage persons. Under the accomplice statute the individual serving intoxicants to a minor could only be guilty of a summary offense. *See Jefferis v. Commonwealth,* 371 Pa.Super. 12, 17, 537 A.2d 355, 358 (1988) ("[T]he prohibited act is the consumption of alcohol by a minor. Accomplice liability attaches to those actors who furnish the alcohol to the minor, or promote that end."). Now under the newly enacted section 6310.1, an individual supplying intoxicants to underage drinkers com-

---

6. The exception provided for in subsection (b) is for the traditional and reasonable use of alcoholic beverages in religious ceremonies and rituals.

mits a misdemeanor in the third degree. Using the majority's logic, section 6310.1 would not apply to persons between the ages of eighteen and twenty-one, even though the statute's plain language makes it applicable to all "persons". Had the legislature intended the majority's result it could easily have provided for it by prohibiting only a person over the age of twenty-one from furnishing alcohol to persons under the age of twenty-one.[7] It is clear to me that by omitting an age limitation for the server of alcoholic beverages, the legislature evidenced its unmistakable intent to prohibit all "adults", i.e. all those over eighteen years of age, from facilitating drinking by those under twenty-one, even if the drinkers happen to be their peers.

I also part from the majority when it states that its holding is in keeping with the holding in *Congini*. I disagree. *Congini* involved a social host who was over the legal drinking age. However, I find nothing in the reasoning of *Congini* or in any case which has followed it, which indicates that *only* those social hosts above the legal drinking age are potentially liable for serving intoxicants to minors. The issue of a minor social host's liability is not discussed in *Congini* nor in any other binding Pennsylvania court decision of which I am aware.[8] However, I believe as

7. In fact, the majority's own example of the statutory rape statute which specifies the ages of both the victim and the offender is an apt example of the manner in which the legislature can provide that an offender's guilt is dependent on being above a particular age if it so chooses.

8. As the majority notes, the United States Court of Appeals for the Third Circuit, in attempting to apply Pennsylvania law in a case before it, found that *Congini* "does apply to those circumstances in which *minors* serve alcohol to minors". *Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1160 (3rd Cir.1986) (emphasis in original). *See also Macleary v. Hines*, 817 F.2d 1081 (3rd Cir.1987). In *Fassett* the Court of Appeals relied heavily on the reasoning of the district court and found that, "the *Congini* court cites with approval the standards for negligence it adopted in *Kuhns v. Brugger* [see footnote 5].... We are confident, as was the district court, that Pennsylvania would use the *Kuhns v. Brugger* standards and find that the minor defendants in this case, all of whom were above fourteen years of age at the time of the party, were presumptively capable of negligence, and therefore were potentially liable as social hosts." 807 F.2d at 1159 (citation omitted).

I have indicated, that the only logical, consistent conclusion to be drawn from the principles guiding *Congini* is that an action alleging a minor host's negligence may be maintained. In fact, *Congini* held that a minor is presumptively capable of negligence and can be found to have been contributorily negligent for consuming intoxicants. The majority does not address the inconsistency of permitting an eighteen year old to be capable of negligence as the putative plaintiff in "matters involving alcohol" but precluding another eighteen year old from being held to same standard in supplying alcohol.[9] In my opinion, this inconsistency cannot be explained and it exposes the fundamental fallacy of the majority's approach.

It cannot be gainsaid that the policy which underlies the underage drinking laws is to minimize and discourage access to and use of intoxicants among young people. One need look no farther than the instant case to appreciate the seriousness of the problem which this legislative policy attempts to ameliorate. Certainly, it is a disservice to the goals of this policy to exempt from responsibility the very class of persons most likely to be in a position negligently to furnish underage persons with alcohol, i.e. the entire peer group.[10] Adults between the ages of eighteen and

9. In *Barrie v. Liquor Control Board*, 137 Pa.Cmwlth. 514, 586 A.2d 1017 (1991), the Commonwealth Court decided a case in which the plaintiff, the estate of an underage drinker, filed a wrongful death and survival action against, among others, another "minor" who was allegedly negligent for supplying alcohol to the deceased. The jury in that case found the supplier of alcohol 20% causally negligent and the deceased 70% "contributorily" negligent in causing his own death because he had consumed alcohol in violation of the Crimes Code. None of the parties raised the instant issue, nor did the Commonwealth Court intimate that no cause of action could lie against the supplier because he, too, was underage. It apparently assumed, correctly in my view, that *Congini* was applicable both to determine the social host's liability and to determine the minor's contributory negligence.

10. In *State v. Haarde*, 230 N.J.Super. 605, 554 A.2d 872 (1989), an underage defendant contended that the New Jersey statute which, like our Crimes Code, prohibits the furnishing of alcohol to minors was intended to apply only to persons 21 and older who serve minors with alcohol. The court in *Haarde* rejected this contention which it said "would frustrate th[e] legislative intent by permitting 'adults' 18 to 21

twenty-one are expected to conform their conduct to the requirements of law. If they fail to do so, they, as adults, are held accountable accordingly. Would the majority allow a twenty year old charged with drunk driving to argue that he should be exempt from prosecution because he is "in the eyes of the law, incompetent to handle the effects of alcohol"? Obviously, such an argument is preposterous, yet it is the logical consequence of the majority's reasoning. Adults under twenty-one are required by law to refrain from consuming alcohol and if they do not abide by this law, can be held both criminally liable and contributorily negligent for the harm which results. Likewise, the same adults are required by law to refrain from knowingly supplying alcohol to persons under the legal drinking age. If they choose to do so anyway, they have broken the law. Having intentionally breached this duty, imposed by law, they should be civilly liable to those who can be shown to have been injured by the breach.

Based on the foregoing, I would reverse the trial court's order which entered summary judgment in favor of the defendants on the grounds that because they were also under twenty-one, they could not be liable to plaintiff for furnishing him with alcohol. On the other hand, I would affirm that portion of the trial court's summary judgment order which granted summary judgment to appellees Galeza, Black, Flinchbaugh and Pasko on the grounds that they were concededly absent from the premises when the intoxicants were being served to appellant. It is undisputed that at the time of the alleged alcohol consumption by appellant, these four individuals were absent from their leased premises and had no particularized knowledge who, if anyone, would be entertained at their apartment and whether he or she would consume alcohol. Although it is not necessary to prove that a defendant actually handed a drink to the minor in order to find potential social host liability, nevertheless, the alleged social host must have "knowingly furnished"

years of age to serve underage persons with impunity". 230 N.J.Super. at 608, 554 A.2d at 874.

the alcoholic beverages. This standard requires more than the imputed knowledge which appellant would have us adopt for the absent parties in the instant case. *See Alumni Association v. Sullivan,* 524 Pa. 356, 364, 572 A.2d 1209, 1212 (1990).