214

764 A.2d 472

STATE OF NEW JERSEY IN THE INTEREST OF D.J.F.

Superior Court of New Jersey
Appellate Division

Submitted December 12, 2000—Decided January 10, 2001.

Before Judges STERN, COLLESTER and FALL.

*John G. Laky*, Warren County Prosecutor, attorney for appellant State of New Jersey (*LeeAnn Cunningham*, Assistant Prosecutor, on the brief).

*Joel M. Harris*, First Assistant Public Defender, attorney for respondent D.J.F. (*Harold J. Bush*, Designated Counsel, on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

The State appeals from the dismissal of its complaint charging D.J.F. as a delinquent for violating *N.J.S.A.* 2C:33–17(a), which provides:

> Anyone who purposely or knowingly offers or serves or makes available an alcoholic beverage to a person under the legal age for consuming alcoholic beverages or entices or encourages that person to drink an alcoholic beverage is a disorderly person.

> This subsection shall not apply to a parent or guardian of the person under legal age for consuming alcoholic beverages if the parent or guardian is of the legal age to consume alcoholic beverages or to a religious observance, ceremony or rite. This subsection shall also not apply to any person in his home who is of the legal age to consume alcoholic beverages who offers or serves or makes available an alcoholic beverage to a person under the legal age for consuming alcoholic beverages or entices that person to drink an alcoholic beverage in the presence of and with the permission of the parent or guardian of the person under the legal age for consuming alcoholic beverages if the parent or guardian is of the legal age to consume alcoholic beverages.

The issue before us is whether a juvenile can be adjudicated delinquent for violating the statute. We hold that he can.

■   The State alleges that D.J.F. served alcoholic beverages to other juveniles at his home, or allowed other juveniles to consume alcohol there.   The trial judge dismissed the complaint,[1] stating:

> I reviewed STATE [v. ]HA[ARDE], 230 *N.J.Super.* 605[, 554 *A.2d* 872], and my reading of the case is that although the Appellate Division cited that part of Subsection (a) that states that "anyone" who purposely or knowingly offers or serves alcohol to an underage person is in violation of the statute.

> The Appellate Division then found that the Legislature intended that the statute apply to adults.   The Court referenced the legislative history, which said that the purpose of the bill was to discourage drinking by persons under the legal age to consume alcohol by placing more responsibilities on adults.

> And the Court stated that the underlying purpose of the statute is to discourage drinking by persons under the legal age of 21, and—but is applied to prohibit all adults 18 years of age or older.

> They seem to imply that the statute does not apply to everyone, but only adults, and adults are defined as being individuals 18 years of age or older.   So that was the way I interpreted the HA[ARDE] case, that it—anyone doesn't mean everyone; it means adults, and adults are 18 years of age or older.

> So I'll grant the defendant's—pardon me, the juvenile's motion to dismiss Count 1.[2]

■   Because the statute provides that "anyone" who violates its provisions is guilty of a disorderly persons offense, we could rest our determination on the plain meaning of the statute, *see Board of Chosen Freeholders of Morris County v. State,* 159 *N.J.* 565, 576, 732 *A.2d* 1053 (1999); *Higgins v. Pascack Valley Hosp.,* 158 *N.J.* 404, 418, 730 *A.2d* 327 (1999); *State v. Butler,* 89 *N.J.* 220, 226, 445 *A.2d* 399 (1982), and the acknowledged principle that the violation of a statute by a juvenile constitutes an act of delinquency.   *See N.J.S.A.* 2A:4A–23 which expressly provides that " 'delinquency' means the commission of an act by a juvenile which if committed by an adult would constitute ... (b) [a] disorderly

---

[1] Another count of the complaint charging a violation of *N.J.S.A.* 2C:29–3 remained open at the time of the State's appeal. The appeal was therefore from an interlocutory order, and leave to appeal was required.   *See State v. Mullen,* 67 *N.J.* 134, 137 n. 1, 336 *A.2d* 481 (1975).   After a communication from the Clerk of this court, the State moved for leave to appeal, and we granted the motion.

[2] With respect to the legal drinking age, *see N.J.S.A.* 2C:33–15; *N.J.S.A.* 9:17B–1(b).

persons offense ...." The same section of the Code of Juvenile Justice, in *N.J.S.A.* 2A:4A–23, excepts certain statutes from its purview. Specifically, *N.J.S.A.* 2A:4A–23 provides that the violation of certain statutes, by juveniles, does not constitute an act of "delinquency." However, *N.J.S.A.* 2C:33–17 is not one of those excluded statutes. Given the longstanding New Jersey law that a statutory violation, which would constitute a crime, disorderly persons offense or penal statute also constitutes "delinquency" (as more detailed in *N.J.S.A.* 2A:4A–23), we cannot attribute to the Legislature any intent to provide otherwise in this case absent a clear expression to the contrary, such as by inclusion of an exception in *N.J.S.A.* 2A:4A–23, by making the penal violation subject to a particular age or age disparity, or otherwise.

The juvenile contends that this case is different because a sponsor of the bill made a specific statement that the statute was designed "to discourage drinking by persons under the legal age to consume alcoholic beverages by placing more responsibility on adults." The trial judge agreed with the juvenile, relying upon *State v. Haarde*, 230 *N.J.Super.* 605, 554 *A.2d* 872 (App.Div.1989), which referred to that statement in holding that the statute "applied to prohibit all adults 18 years of age and older from serving alcoholic beverages to underage persons," notwithstanding that he or she was under the legal drinking age. *Id.* at 608, 554 *A.2d* 872.[3] *See also* Cannel, *New Jersey Criminal Code Annotated,* comment on *N.J.S.A.* 2C:33–17 (Gann 2000–01). However, holding that the statute applies to someone eighteen to twenty-one years of age is far different than holding that it does not apply to someone under eighteen.

■ The principal intent of the legislation was to deter teenage and under age drinking, clearly a problem particularly when understood in the context of the legal driving age which was only

---

[3] The statute referred to in *Haarde* became *N.J.S.A.* 2C:33–17(a) when *N.J.S.A.* 2C:33–17(b) was adopted in *L.* 1995, *c.* 31, § 1, eff. Feb. 23, 1995.

recently raised from seventeen to eighteen. *See N.J.S.A.* 39:3–10.[4] Moreover, *N.J.S.A.* 2C:33–17(a), adopted in 1985, makes express exceptions from its coverage. There is no reference to a juvenile therein. We thus hold that a juvenile, who purposely or knowingly serves or gives an alcoholic beverage to another juvenile, or to someone "under the legal age for consuming alcoholic beverages," can be prosecuted for "delinquency." Accordingly, we reverse the dismissal of the complaint and remand for further proceedings consistent with this opinion.

---

[4] The legal driving age at which one can obtain a "basic" driver's license is now eighteen years of age. *See N.J.S.A.* 39:3–10; *L.* 1998, *c.* 108, § 1; *L.* 1999, *c.* 28, § 2. *See also N.J.S.A.* 39:3–13 *et seq.; L.* 1998, *c.* 108, § 3. "[K]nowledge of safe driving practices and of the effects that ingestion of alcohol or drugs has on a person's ability to operate a motor vehicle" constitutes part of the license examination. *N.J.S.A.* 39:3–10.