630 A.2d 524

Susan C. MUNTZ and Frederick F. Muntz, Appellants,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, William H. Williams, Paul D. Williams, Volvo Ab Swe, Volvo North America Corp., Jim Wynn Volkswagen–Volvo, Andrew Kositsky, Michael Earl Eidle, Laura Ann Semmelroth and Lara Goldstein.

Commonwealth Court of Pennsylvania.

Argued May 12, 1993.

Decided Aug. 5, 1993.

David L. Grove, for appellants.

George P. Noel and Martin D. Finnegan, for appellees.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, SMITH, PELLEGRINI and KELLEY, JJ.

CRAIG, President Judge.

Susan C. Muntz and Frederick F. Muntz appeal an order of the Court of Common Pleas of Chester County that granted summary judgment in favor of two of the defendants in this case, Andrew Kositsky and Laura Ann Semmelroth, dismissing those two minors from the plaintiff's personal injury action, based on the conclusion that liability as a "social host" cannot be imposed on minors.

The Muntzes were injured in an automobile accident on December 17, 1988. The Muntzes filed a tort action in the trial court against (1) Paul Williams, the operator of the other car involved in the accident; (2) William Williams, Paul's father and the person who leased the car to Paul Williams; and (3) the Department of Transportation, which allegedly acted negligently by failing to erect a median barrier at the location of the accident. The Muntzes amended their complaint by adding as defendants (1) the manufacturer of the car the Muntzes drove; and (2) the car dealer which apparently sold the car. The Muntzes filed a second amended complaint adding as defendants Kositsky, Eidle, Semmelroth and Goldstein, based on allegations that they served Paul Williams alcohol in such amounts as to cause him to become intoxicated, which allegedly caused him to lose control of his vehicle and crash head-on into the Muntzes' vehicle.

The two minor defendants filed motions for summary judgment, seeking the court's dismissal of them as defendants, based on the argument that minors cannot be held tortiously liable under a social host theory of liability for serving alcohol to other minors.

The trial court granted the motions on the basis of the Pennsylvania Superior Court's decisions in *Kapres v. Heller*, 417 Pa.Superior Ct., 371, 612 A.2d 987 (1992) and *Goldberg v. Delta Tau Delta*, 418 Pa.Superior Ct. 207, 613 A.2d 1250 (1992), in which the Superior Court concluded that minors could not be held liable for serving other minors under a social host theory of liability.

The Muntzes raise the following issues in this appeal: (1) whether the defendants, who are nineteen and twenty years of age, can be held liable for damages for planning and funding a party and for supplying alcohol at the party to a nineteen-year-old who becomes intoxicated and thereafter seriously injures a third-party in an automobile accident; and (2) whether persons who are eighteen years of age and older, but younger than twenty-one, can be held liable as social hosts for supplying alcohol to a person who is under twenty-one years of age and who, as a result of his intoxication, injures a third party while driving an automobile during a state of intoxication.

Of course, although this court may look to decisions of the Superior Court for guidance, those decisions, unlike decisions of the Pennsylvania Supreme Court, are not controlling on this court.

1.

The Muntzes first assert that this court should reverse the trial court's decision because the Superior Court's decisions conflict with the Supreme Court's decision in *Alumni Association v. Sullivan*, 524 Pa. 356, 572 A.2d 1209 (1990).

In *Alumni Association,* the Supreme Court considered whether a national fraternity could be held liable under a social host theory for serving alcohol to minors. One of the questions in that case was whether a party must have "knowingly furnished" alcohol or "knew or should have known." The court concluded that the pivotal inquiry is not whether a social host "intentionally and substantially aided and encouraged the consumption of alcohol by a minor guest", but only whether a party had actual knowledge rather than imputed knowledge based on the party's relationship to the minor. The court recognized that persons who actually participated in funding and planning of a social event, at which minors consume alcohol, as well as those who actually serve a minor alcohol, may be held liable under the social host theory.

The Muntzes, having pleaded facts alleging that the two minors either helped plan the social event or supplied beer for

the social event, could satisfy the standard developed in *Alumni Association,* that persons who plan or fund a social event may be held liable under a social host theory.

## 2.

We must now address the question of whether or not to follow the majority opinion of the Superior Court in *Kapres* and *Goldberg.*

As the Muntzes indicate in their brief, Judge Beck filed a dissent in both cases, in which she expresses her disagreement with the majority's resolution of the present issue.

The leading cases in this area are *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983) and *Congini v. Portersville Valve Company,* 504 Pa. 157, 470 A.2d 515 (1983).

In *Klein,* the Supreme Court held that an adult social host cannot be held tortiously liable to an adult guest for serving the guest an excessive amount of alcohol, and hence, that the social host could not be held responsible to plaintiffs who were injured in an automobile accident involving an intoxicated adult guest. The court based its decision on the "view that in the case of an ordinary able bodied man it is the *consumption* of the alcohol, rather than the *furnishing* of the alcohol, which is the proximate cause of any subsequent occurrence." 504 Pa. at 148, 470 A.2d at 510. (Emphasis added.)

In *Congini,* the Supreme Court held that the conduct of an adult social host in serving a *minor* constituted negligence per se, and thus such a host could be held responsible for injuries that are the proximate result of a minor's intoxication.

Thus, *Congini* is similar to the present case in that the court recognized that social host liability attaches where a minor is served alcohol at a social event; however, the case is distinguishable because it involved an *adult* social host, over the age of twenty-one or more.

In *Kapres* and *Goldberg,* the Superior Court, relying on *Klein* and *Congini,* concluded that the legislature, in enacting section 6308 of the Crimes Code, 18 Pa.C.S. § 6308, which makes the *attempt* to purchase, the *purchase,* the *consump-*

*tion,* or the *possession of alcohol* by a person under the age of twenty-one a summary offense, determined that (1) persons under the age of twenty-one were not competent to handle the effects of alcohol, and (2) persons under the age of twenty-one are equally incompetent with regard to conduct involving the furnishing and serving of alcohol to other minors.

The Superior Court opined that the logic of the plaintiff's argument was flawed, because they asserted that the law should regard persons under the age of twenty-one to be adults for the purpose of liability as social hosts, but regard persons of the same age as minors in matters related solely to the consumption of alcohol.

This court disagrees with the Superior Court's conclusion, because we find support in the Supreme Court's *Congini* decision for the legal conclusion that persons under the age of twenty-one can be held liable as social hosts for serving other persons under the age of twenty-one.

In *Congini,* the Supreme Court stated that

[A]n eighteen year old person is "presumptively capable of negligence." We further note that an eighteen year old is liable as an adult for the offenses which he commits, and that by knowingly consuming alcohol an eighteen year old is also guilty of a summary offense.

Thus, although we recognize that an eighteen year old minor may state a cause of action against an adult social host who has knowingly served him intoxicants, *the social host in turn may assert as a defense the minor's contributory negligence. Thereafter, under our Comparative Negligence Act, 42 Pa.C.S. § 7102 it will remain for the fact finder to resolve whether the defendant's negligence was such as to allow recovery.* 504 Pa. at 163–4, 470 A.2d at 518–9. (Footnotes and citations omitted.) (Emphasis added.)

The Supreme Court specifically concluded that, under 18 Pa.C.S. § 6308, a minor is guilty of negligence per se when he consumes alcohol and his resulting conduct is a proximate cause of another person's injuries. The Supreme Court, by

noting that a defendant social host may name a minor plaintiff as being contributorily negligent, implicitly indicated that a third-party plaintiff, who is injured by the negligence of an intoxicated minor, may also assert a claim against a person under the age of twenty-one who furnishes a minor with alcohol. The question as to which party a plaintiff may obtain recovery is left to the fact finder. Judge Beck of the Superior Court also noted the Supreme Court's dictum in her dissents in *Kapres* and *Goldberg*.

This court also finds independent support for the conclusion, that minors may be liable as social hosts, in the public policy concerns embodied in sections of the criminal code relating to underage drinking.

As Judge Beck noted in her astute dissent in *Kapres,* the public policy underlying the Crimes Code provisions is the protection of the *public* as well as the minor, "from the deleterious effects of serving alcohol to persons under twenty-one years of age." 417 Pa.Superior Ct. at 385, 612 A.2d at 994.

A conclusion that a minor could be negligent per se for consuming alcohol but not for furnishing another minor with alcohol is not logically consistent. As indicated above, the Supreme Court in *Congini* specifically approved the proposition that minors can be held liable for their negligence per se in consuming alcohol. Logically, the Supreme Court should approve a cause of action against a social host who is a minor, in accordance with the reasoning in *Congini.*

Therefore, contrary to the Superior Court's decisions in *Kapres* and *Goldberg,* this court concludes that persons under the age of twenty-one may be held liable as social hosts for the consequences of furnishing other persons under the age of twenty-one with alcohol, or for planning a social event at which alcohol is served, in accordance with the Supreme Court's decisions in *Congini* and *Alumni Association.* The trial court's order granting the minor defendants' motions for summary judgment is reversed, and this matter is remanded for trial.

520

## ORDER

NOW, August 5, 1993, the order of the Court of Common Pleas of Chester County, dated October 13, 1992, at NO. 90–02356, granting summary judgement in favor of defendants Andrew Kositsky and Ann Semmelroth is reversed, and this matter is remanded for trial. Jurisdiction relinquished.