630 A.2d 532

Michael R. SPERANDO and Brian Sperando, a minor, by his parents and natural guardians, Michael J. Sperando and Angela Sperando, and Michael J. Sperando and Angela Sperando, in their own right, Appellants,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, and Russell F. Klein and Joan F. Klein, and William E. McHugh and Rita E. McHugh, t/a Murph's Bar, and Miley's Restaurant, Inc., and Mark Mullin and Nancy Mullin.

Commonwealth Court of Pennsylvania.

Argued May 11, 1993.

Decided Aug. 9, 1993.

Lee Albert, for appellants.

Robert C. Steiger, for appellees.

Before PALLADINO, FRIEDMAN and KELLEY, JJ.

KELLEY, Judge.

Michael R. Sperando and Brian Sperando, a minor, by his parents and natural guardians, Michael J. Sperando and Angela Sperando, and Michael J. Sperando and Angela Sperando in their own right (Sperandos), appeal an order of the Court of Common Pleas of Bucks County (trial court) that granted summary judgment in favor of defendant Mark Mullin (Mullin). Mullin was a minor at the time the Sperandos' cause of action arose. Mullin was dismissed from the Sperandos' personal injury action, based on the conclusion that liability as a "social host" cannot be imposed on minors.

The Sperandos were injured in an automobile accident with another vehicle on July 21, 1984. The Sperandos filed a tort action in the trial court against several parties, including Mullin and Russell F. Klein (Klein).

Klein was the driver of the other vehicle involved in the accident. The Sperandos allege in their complaint that Mullin negligently provided Klein with alcoholic beverages to the point where Klein became legally and factually intoxicated and, as a driver, was involved in the automobile accident resulting in the Sperandos' injuries. At the time of the accident, Mullin was seventeen years of age and Klein was eighteen years of age.

On July 6, 1990, Mullin filed a motion for summary judgment. The trial court entered an order denying Mullin's motion on December 20, 1990. On May 22, 1992, Mullin re-filed his motion for summary judgment based on the argument that minors cannot be held tortiously liable under a social host theory of liability for serving alcohol to other minors.

The trial court granted Mullin's motion on the basis of the Pennsylvania Superior Court's decisions in *Kapres v. Heller*, 417 Pa.Superior Ct. 371, 612 A.2d 987 (1992) and *Goldberg v. Delta Tau Delta*, 418 Pa.Superior Ct. 207, 613 A.2d 1250

(1992), in which the Superior Court concluded that minors could not be held liable for serving other minors under a social host theory of liability.

On appeal to this court, the Sperandos raise the sole issue of whether the trial court erred in holding that a person under the age of twenty-one is immune from social host liability when he has served alcoholic beverages to a minor, thereby enabling the minor to become intoxicated and injure a third person.

This case is controlled by this court's recent decision in *Muntz v. Department of Transportation,* 157 Pa.Commonwealth Ct. 514, 630 A.2d 524 (1993). In *Muntz,* this court declined to follow the majority opinion of the Superior Court in *Kapres* and *Goldberg* and held that persons under the age of twenty-one may be held liable as social hosts for the consequences of furnishing other persons under the age of twenty-one with alcohol, or for planning a social event at which alcohol is served in accordance with the Supreme Court's decisions in *Alumni Association v. Sullivan,* 524 Pa. 356, 572 A.2d 1209 (1990) and *Congini by Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983).[1]

Accordingly, the trial court's order granting Mullin's motion for summary judgment is reversed, and the matter is remanded for trial.

## ORDER

NOW, this 9th day of August, 1993, the order of the Court of Common Pleas of Bucks County, dated September 25, 1992, at No. 85–00658–16–2, granting summary judgment in favor of defendant Mark Mullin, is reversed and this matter is remanded for trial.

Jurisdiction relinquished.

FRIEDMAN, J., concurs in the result only.

---

1. This court in *Muntz* pointed out that, although this court may look to decisions of the Superior Court for guidance, those decisions, unlike decisions of the Pennsylvania Supreme Court, are not controlling on this court.