ZULICK, J.,
This case comes before the court on defendants Shawn Bates and Kyle Garrity’s motions for summary judgment. Plaintiff filed complaints on February 6,2013 at No. 11522 Civil 2010, and on July 2, 2014 at No. 07668 Civil 2010. Plaintiff alleges that Jacqueline Tara Cicardo, a minor, was injured in a collision while riding in a vehicle driven by Jonathan Mangual, now deceased. Jonathan Mangual was intoxicated after attending two house parties. Plaintiff further alleges that *256 both Shawn Bates and Kyle Garrity, minors at the time, are liable to Ms. Cicardo as social hosts for furnishing alcohol to Jonathan Mangual shortly before the collision. The case was listed for argument on January 5, 2015. Mr. Bates filed a brief, which Mr. Garrity adopted by reference, and all parties argued their positions on that date.
DISCUSSION
Summary judgment may be granted pursuant to Pa. R.C.P. 1035.2 where there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); Cosmas v. Bloomingdales Bros., Inc., 660 A.2d 83, 85 (Pa. Super. 1995).
Summary judgment may be granted only in cases where the right is clear and free from doubt. Musser v. Vilsmeier Auction Co. Inc., 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. Davis v. Pennzoil Co., 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. Long v. Yingling 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Thompson, 412 A.2d at 469.
In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. Phaff v. Gerner, 303 A.2d 826 *257 (Pa. 1973). The court must also accept as true all well-pled facts contained in the non-moving party’s pleadings. Mattia v. Employers Mut. Cos, 440 A.2d 616 (Pa. Super. 1982); Ritmanich v. Jonnel Enters. Inc., 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant. Elia v. Olszewski, 84 A.2d 188 (Pa. 1951). While all doubts are resolved against the moving party, summary judgment should be granted where the moving party’s right is “clear and free from doubt.” Martin v. Sun Pipe Line Co., 666 A.2d 637, 639 (Pa. 1995).
Defendants Shawn Bates and Kyle Garrity move for summary judgment, asserting that they have no liability to the plaintiff as social hosts, as they were minors at the time alcohol was served to Jonathan Mangual, who was 17 years old at the time. Complaint ¶17. The law concerning social host liability as it relates to minors is settled in Pennsylvania. While adults have no duty as social hosts to another adult, the Pennsylvania Supreme Court decided in Congini by Congini v. Portersville Valve Co., 470 A.2d 515 (Pa. 1983) that an adult social host may be liable for furnishing alcohol to a minor. The supreme court then decided in Kapres v. Heller, 640 A.2d 888 (Pa. 1994) that a minor cannot be liable as a social host to another minor:
[T]he plaintiff argues that we should hold the minor defendants to the standard required of adults in Congini, while providing to him the protections specially afforded minors under the same principle. The illogic of this argument is apparent on its face. Both the plaintiff and the defendant are considered under the law incompetent to handle alcohol. Both the plaintiff and the defendant would be responsible under the law for their own *258 actions in furnishing or consuming alcohol. Thus, it is more logical and consistent with the prevailing view on social host liability in this Commonwealth to find that one minor does not owe a duty to another minor regarding the furnishing or consumption of alcohol.
Id. at 891.
Mr. Bates and Mr. Garrity allege they were minors at the time of the collision. Plaintiff contends both furnished alcohol to Jonathan Mangual, who was also a minor at the time. Mr. Mangual later drove a vehicle while intoxicated, causing the collision which injured the minor plaintiff. Mr. Bates and Mr. Garrity were social hosts, as they allegedly furnished alcohol to Mr. Mangual at two house parties.
Mr. Bates and Mr. Garrity have provided their driver’s licenses as exhibits. Their dates of birth indicate that they were 20 years of age at the time of the collision. Plaintiff does not dispute the defendants’ ages.
Plaintiff argues in her brief that there is a distinction between minors aged 17 and younger, and minors between the ages of 18 and 21. In this case, the minor defendants were between ages 18 and 21 at the time of the collision. Jonathan Mangual and the minor plaintiff were 17. Plaintiff argues that, even if there is no social host liability between minors, that rule should apply only to similarly situated individuals, and that individuals under 18 and individuals between 18 and 21 are not similarly situated. Plaintiffs cite the dissent in the superior court’s decision in Kapres v. Heller, 612 A.2d 987 (Pa. Super. 1992), and the commonwealth court’s opinion in Muntz v. Commonwealth; Dept. of Transp., 630 A.2d 524 (Pa. Cmwlth. 1993). The commonwealth court agreed with the dissent in Kapres, 612 A.2d 987, deciding that a duty exists for minor social hosts. The parties’ briefs did not *259 cite the Pennsylvania Supreme Court decision in Kapres which affirmed the superior court’s decision.
The supreme court’s decision in Kapres resolved the split between the commonwealth court and the superior court and settled the question.[1] The holding in Kapres did not distinguish between minors under 18 and minors under 21. The statutory language in 18 Pa. C.S.A. § 6310.1 (Selling or furnishing liquor or malt or brewed beverages to minors) likewise does not differentiate between minors’ ages.[2] The bright line rule established in Kapres is that “one minor does not owe a duty to another minor regarding the furnishing or consumption of alcohol.” Kapres, supra at 891.
As plaintiffs have not challenged the defendants’ dates of birth, there is no issue of material fact as to their ages at the time of the collision. Both Mr. Garrity and Mr. Bates were minors at that time and neither are liable as social hosts under Pennsylvania law. Defendants Kyle Garrity and Shawn Bates’ motions for summary judgment will be granted.
*260 ORDER
And now, this 22nd day of January, 2015, upon consideration of defendants Shawn Bates and Kyle Garrity’s motions for summary judgment, plaintiffs’ response thereto, legal briefs, and arguments of the respective parties, it is ordered that the defendants’ motion for summary judgment is granted.

. A petition for allocator was granted by the supreme court in the Muntz case, but no decision was made on the appeal. However, in Sperando v. Com. Dept. of Transportation, 630 A.2d 532 (Pa. Cmwlth. 1993), appeal granted, order reversed by Sperando v. Com., Dept. of Transp., 643 A.2d 1079 (Pa. Jul 11, 1994) (NO. 633 E.D. 1993), a seventeen year old minor allegedly served alcohol to an eighteen year old minor, who caused an auto collision. The seventeen year old was sued on a social host theory. The trial court granted summary judgment, relying on the superior court’s decision in Kapres, supra. The commonwealth court reversed, relying on the Muntz decision. The supreme court granted allocator and reversed the commonwealth court, relying on its decision in Kapres, supra.

. § 6310.1. Selling or furnishing liquor or malt or brewed beverages to minors (a)
Offense defined. — Except as provided in subsection (b), a person commits a misdemeanor of the third degree if he intentionally and knowingly sells or intentionally and knowingly furnishes, or purchases with the intent to sell or furnish, any liquor or malt or brewed beverages to a person who is less than 21 years of age.
18 Pa. C.S.A. §6310.1(a).