IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Brown,                                  :
                          Appellant          :
                                             :  No. 1300 C.D. 2020
                   v.                        :  Submitted: December 30, 2021
                                             :
Monroe County                                :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge[1]
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                               FILED: May 13, 2022


           Paul Brown (Requester), *pro se,* appeals an order of the Court of
Common Pleas of Monroe County (trial court) denying Requester's appeal of the
final determination of the Office of Open Records (OOR). The OOR held that
Monroe County (County) was not required to produce records sought by Requester
under the Right-to-Know Law[2] that had been purged in accordance with the record
retention schedule set by state law. Upon review, we affirm the trial court.

           On June 3, 2019, while incarcerated at the State Correctional Institution
at Huntingdon, Requester submitted a written request to the County Correctional
Facility for "a copy of move sheet and callout sheet for inmate [Requester] for the
dates between July 28, 2015[,] through August 7, 2015." Requester's Brief at
Exhibit D(1). In a letter dated June 6, 2019, Greg Christine, the Open Records

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita
Leavitt became a senior judge on the Court.
[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

Officer for the County, denied the request based on Sections 708(b)(1)(ii) and 708(b)(3) of the Right-to-Know Law, 65 P.S. §67.708(b)(1)(ii), (b)(3) (exempting otherwise public records from disclosure where disclosure creates a risk of physical harm to an individual or endangerment to the security of a public building). On June 26, 2019, Requester appealed the County's denial to the OOR, which issued a final determination on July 10, 2019, denying Requester's appeal as untimely.

On July 22, 2019, Requester made a second request for the same records but received no response from the County. Requester's Brief at vii. Deeming the lack of a response as a denial, Requester filed an appeal with the OOR. In a final determination of September 12, 2019, the OOR stated as follows:

> Having received no response from the County, the Requester filed an appeal with the OOR on August 19, 2019, alleging that the [r]equest was deemed denied. *See* [Section 901 of the Right-to-Know Law,] 65 P.S. §67.901.[3] The OOR invited both parties to supplement the record and directed the County to notify any third parties of their ability to participate in the appeal. []
>
> On August 20, 2019, the County submitted copies of an identical request dated June 6, 2019[,] and the letter it mailed to the Requester on the same day, denying that request. On August 27, 2019, the *County submitted the affidavit of its Open Records Officer, [] Christine, who attests that the County did not receive*

---

[3] Section 901 of the Right-to-Know Law states, in pertinent part:

Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record, legislative record or financial record and whether the agency has possession, custody or control of the identified record, and to respond as promptly as possible under the circumstances existing at the time of the request . . . . The time for response shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied.

65 P.S. §67.901.

> *the instant [r]equest prior to the filing of this appeal.* The Requester did not make a submission challenging the County's assertion.

OOR Final Determination, 9/12/2019, at 1-2 (emphasis added). Noting that "a statement made under the penalty of perjury may serve as sufficient evidentiary support," the OOR dismissed Requester's appeal as premature. *Id.* at 2.

On October 1, 2019, Requester made a third request to the County for the same information sought in the two prior Right-to-Know Law requests. Requester contends that his October request was "deemed denied on 10/11/19 by agency failing to submit a response." Requester's Brief at vii. On October 29, 2019, Requester again appealed to the OOR.

In response, the OOR invited the parties to supplement the record. On October 30, 2019, the County submitted a copy of Requester's written request, showing that it was received by the County's Open Records Office on October 10, 2019. OOR Final Determination, 11/20/2019, at 1; Original Record (O.R.), OOR Exhibit 8. The County also stated that the requested records had been destroyed in accordance with its record retention policy. In response to the OOR's request for evidence to substantiate this contention,[4] the County submitted affidavits executed by its Open Records Officer, Christine, attesting that he spoke with both the warden and the solicitor for the County Correctional Facility and confirmed that the requested records had been purged pursuant to Section PN-13 of the Pennsylvania Historical and Museum Commission's County Records Manual.[5]

---

[4] In an exchange of e-mails, the OOR appeals officer requested that the County support its assertion that the records had been purged with an affidavit attesting to same. Original Record (O.R.), Exhibits 6 and 7.

[5] Section PN-13 is titled "Visitor Registers," which records "date, visitor's name and address, purpose of visit, inmate's name, and time in and out." These records are to be retained for four years after the last entry. *See* https://www.phmc.pa.gov/Archives/Records-

3

Based on these submissions, the OOR issued a Final Determination affirming the County. The OOR explained its decision as follows:

> Under the [Right-to-Know Law], an affidavit may serve as sufficient evidentiary support. *See Sherry v. Radnor Township School District*, 20 A.3d 515, 520-21 (Pa. Cmwlth. 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010). In the absence of any evidence that the County has acted in bad faith or that the record does, in fact, exist, "the averments in [the affidavit] should be accepted as true." *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014) (citing *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013)). *Based on the evidence provided, the County has met its burden of proving that it does not possess the records sought in the [r]equest. See Hodges v. Pennsylvania Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011). Accordingly, the appeal is denied.

OOR Final Determination, 11/20/2019, at 2; O.R., OOR Exhibit 8 (emphasis added).

Requester then appealed to the trial court.

The trial court agreed with the OOR that the County's affidavit satisfied its burden of proving that the requested records were no longer in its possession. The trial court observed that the applicable statute authorized the County to destroy visitor records after four years and phone logs after two years. It explained as follows:

> County administrative officers are authorized under the County Records Act of 1963[6] to dispose of records in accordance with the schedules and procedures approved by the County Records Committee. 16 P.S. §§13001-13006. Under the Act, the Pennsylvania Historical and Museum Commission is designated

---

Management/Documents/RM-2002-County-Records-Manual-2017-Update.pdf (last visited May 12, 2022).

[6] Act of August 14, 1963, P.L. 839, No. 407, *as amended*.

4

as the agency responsible for administering the local records program. Thus, the County Manual was issued, "to inform certain county administrative, fiscal and judicial officers of the opportunity to legally dispose of records in accordance with the provisions of the County Records Act and Rule[s] of Judicial Administration[,] Pa. R.J.A. No. 507(a)."

In accord with the County Records Act, Prison Visitor Registers that "indicate date, visitor's name and address, purpose of visit, inmate's name, and time in and out" should be retained "4 years after last entry." In addition, Prison Log Books containing "records relating to inmate mail, guard shifts, phone calls, vehicle use and other activities" should be retained "2 years after last entry." Here, the requested records ran from July 28, 2015 through August 7, 2015, and the [Right-to-Know Law] [r]equest was filed October 1, 2019. *Thus, the [r]equest was filed more than four years after the last requested entry. Under either standard, the records at issue here were lawfully disposed of* subsequent to the passage of the proscribed [sic] retention period.

Trial Court Opinion, 6/30/2020, at 7-8 (emphasis added) (footnote omitted). Simply, Requester sought records that were no longer in the County's possession. Quoting *Hodges*, 29 A.3d at 1193, the trial court acknowledged that "the misfiling or misclassification of records is always a possibility." Trial Court Opinion, 6/30/2020, at 8. However, the County had foreclosed this possibility with its affidavit. Concluding that the County's record purge was appropriate and that there was no evidence to substantiate Requester's claim that the County had acted in bad faith, the trial court affirmed the OOR's final determination. Requester now appeals to this Court.[7]

---

[7] Ou review of the trial court's decision determines whether findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *In re Right to Know Law Request Served on Venango County's Tourism Promotion Agency and Lead Economic Development Agency*, 83 A.3d 1101, 1104 n.3 (Pa. Cmwlth. 2014).

5

On appeal, Requester raises five issues, which we have reordered for this opinion. First, he argues that the trial court erred by accepting the County's affidavit when the affiant "knowingly . . . and in bad faith committed perjury by submitting an affidavit with known falsification in an official proceeding in order to deny [the] request[.]" Requester's Brief at vi. Second, he argues that the County cited the record retention policy for prison visitor registers, not for inmate move sheets and callout logs, as he had requested. Third, he argues that the County changed its reasons for denying the requested records in June 2019, July 2019, and October 2019. Fourth, he argues that the documents were subject to a litigation hold as soon as he made his June 2019 Right-to-Know Law request; accordingly, they should have been preserved for a potential appeal, tort claim, or federal civil action. Fifth, he argues that the County's Open Records Officer failed to preserve the records he requested.

In its response, the County argues that its affidavit constitutes substantial evidence that the requested records had been lawfully destroyed and that the classification of the records as inmate callout logs or visitor register logs is immaterial to the Right-to-Know Law. The County asserts that Requester is incorrect that a litigation hold was required to be placed on the materials he requested in June of 2019. First, Requester's time for filing an appeal in regard to his first and second requests had expired. Second, there was no litigation pending at the time Requester filed his third request for the same records in October 2019. Further, the County had no duty "to preserve records for a requester's unanticipated civil suit or [42 U.S.C. §]1983 action." County's Brief at 5. The County denies changing its position, noting that neither of Requester's two prior Right-to-Know Law requests were appealed and, thus, are not part of the appeal of the October 2019 request. The

County rejects Requester's argument that the trial court acted as the County's counsel by rejecting Requester's legal arguments without a brief from the County. Finally, the County cautions that Requester has submitted another Right-to-Know Law request subsequent to the one at issue here, but that subsequent request is not part of this appeal.[8]

We begin with a review of the applicable legal principles. The Right-to-Know Law is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions[.]" *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013). Generally, records[9] in the possession of an agency are presumed to be public unless they are privileged or exempt under Section 708 of the Right-to-Know Law, 65 P.S. §67.708 (relating to exceptions for public records). However, an agency is not required to create a record if it does not exist. This Court has stated that an agency may satisfy its burden of proof that a record is not within its possession with either an unsworn

---

[8] This appears to be a reference to a request for information filed by Requester in April 2020, in which he asserted he was seeking information about the discussion between Christine, the warden and solicitor, to which Christine attested in his November 2019 affidavit. *See* Requester's Brief at 2-3 and Exhibit A(3) attached to Requester's Brief. The County notes that "[Requester] contrives to attack the credibility of the affidavit. Consistent with the applicable standard of review, this Court should decline the invitation." County's Brief at 9.

[9] Section 102 of the Right-to-Know Law defines a "record" as

[i]nformation, regardless of physical form or characteristic, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a date-processed or image-processed document.

65 P.S. §67.102.

attestation by the individual who searched for the record or a sworn affidavit of the nonexistence of the record. *Moore*, 992 A.2d at 909.

In his first, second and third issues, Requester challenges the County's affidavit. Dated November 14, 2019, the affidavit states as follows: "I am familiar with the records of the Agency" and "I have inquired with relevant Agency personnel and have been advised that the information sought has been purged from the records in accordance with the Commonwealth Retention Act." O.R., OOR Exhibit 6. On November 18, 2019, after an inquiry from the OOR, Christine provided another affidavit on the "Move Sheet and Call-Out Sheet," in which he attested:

> In my capacity as the Open Records Officer, I am familiar with the records of the Agency, [and] [a]fter discussion with the [w]arden and [s]olicitor of the Correctional Facility the document subject to this request was purged and destroyed as per the COMMONWEALTH OF PA., PENNSYLVANIA HISTORICAL AND MUSEUM COMMISSION BUREAU OF THE STATE ARCHIVES HARRISBURG COUNTY RECORDS MANUAL, PN-13.

O.R., OOR Exhibit 7 (capitalization in original). The OOR and the trial court credited Christine's affidavit that the records sought by Requester had been purged and were no longer in the possession of the County.

Requester complains that the statements in this affidavit contradict the County's stated reasons in June of 2019, *i.e.*, that the records were exempt from disclosure under the Right-to-Know Law. However, there is no contradiction. Requester, by his own admission, did not timely appeal the June denial; accordingly, that request is not part of this appeal.[10] This appeal concerns only the October 1,

---

[10] To the extent Requester contends that his second request is a matter for review by this Court, we reject such a contention because same was rejected by the OOR as premature.

8

2019, request, to which Christine's credited affidavit relates. The County purged the records requested in June 2019 before it received Requester's October 2019 request. Whether the documents purged perfectly align with the classifications in the Pennsylvania Historical and Museum Commission's County Records Manual is not relevant in a Right-to-Know Law request. What is relevant is the County's credited affidavit that the requested records were destroyed and are no longer in the County's possession. As we have explained, "the misfiling or misclassification of records is always a possibility." *Hodges*, 29 A.3d at 1193. However, an agency is required "to search for and provide the records which are requested . . . . It [is] not required to sift through all of its records in order to determine if something under a different . . . classification might possibly relate to [the] request." *Id.*

In his fourth issue, Requester contends that the records requested in June 2019 were subject to a litigation hold. We reject this contention.

When Requester made his October 2019 request, the records requested in June of 2019 had been destroyed, in accordance with the County's records retention schedule.[11] Because he did not timely appeal the County's June 2019 response, there was no ongoing litigation involving those records. Requester complains that the records denied in June 2019 might have been needed for litigation, but he does not identify any actual litigation. Requester observes that *Uniontown Newspapers, Inc. v. Pennsylvania Department of Corrections*, 185 A.3d 1161 (Pa. Cmwlth. 2018), established that where a denial of a record request is being litigated, those records are subject to a litigation hold. *Uniontown* is inapposite because, here, Requester did not timely appeal the County's June 2019 denial of his

---

[11] We note here that the Right-to-Know Law does not "modify, rescind or supersede" an agency's record retention policy. Section 507 of the Right-to-Know Law, 65 P.S. §67.507.

9

request for records to the trial court; accordingly, there was no active, ongoing litigation on this request.

In his final issue, Requester argues that the County's Open Records Officer failed to preserve the records he requested. However, as we stated in *PG Publishing Company, Inc. v. Governor's Office of Administration*, 120 A.3d 456, 463 (Pa. Cmwlth. 2015),

> just as Section 705 of the [Right-to-Know Law], 65 P.S. §67.705,[12] does not require an agency to create a record which does not exist, Section 507 [of the Right-to-Know Law], 65 P.S. §67.507, does not create a duty on the part of agencies to maintain records if they are destroyed as part of a records-retention policy. Simply, the [Right-to-Know Law] governs whether records currently in existence must be disclosed.

Credited by the OOR and by the trial court, the County's affidavit proved that the requested records had been purged and were no longer in the County's possession. Accordingly, we reject Requester's contention that the County's Open Records Officer failed to preserve the requested records.

Relative to all of his arguments herein, Requester asserts that the trial court acted as the County's legal counsel because it rejected Requester's appeal without a brief from the County. The County argues that there is no rule that a trial court may not rule in a party's favor unless that party files a brief; the County acknowledges that it was unable to find a case on this point. In *O'Neill v. Checker Motors Corporation*, 567 A.2d 680 (Pa. Super. 1989), the Superior Court reviewed a denial of summary judgment where the opponent did not submit counter-affidavits

---

[12] Section 705 of the Right-to-Know Law states: "[w]hen responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record." 65 P.S. §67.705.

and held that this omission does not determine the outcome. "Nor does the failure to file affidavits, depositions, *or other materials* in opposition to the moving party's motion guarantee that the motion will be granted." *Id.* at 684 (emphasis added).[13] We reject Requester's suggestion that the County's decision not to file a memorandum of law required the trial court to rule in Requester's favor.[14]

For the foregoing reasons, we reject Requester's arguments on appeal and affirm the order of the trial court affirming the final determination of the OOR, which denied Requester's October 1, 2019, Right-to-Know Law request.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[13] While not controlling on this Court, we may look to decisions of the Superior Court for guidance. *Muntz v. Department of Transportation*, 630 A.2d 524, 525 (Pa. Cmwlth. 1993).

[14] To the extent Requester suggests he filed an additional Right-to-Know Law request in April 2020 requesting a copy of Christine's discussion with the warden and solicitor, as identified in the November 18, 2019, affidavit, this latter request is not the subject of the present litigation, and we need not address it here.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Brown,                   :
         Appellant     :
                    : No. 1300 C.D. 2020
        v.           :
                    :
Monroe County       :

# **O R D E R**

AND NOW, this 13th day of May, 2022, the June 30, 2020 order of the Court of Common Pleas of Monroe County, affirming the November 20, 2019, final determination of the Office of Open Records, is **AFFIRMED**.

_____
MARY HANNAH LEAVITT, President Judge Emerita